THE STATE OF IOWA v. HOCKENBERRY AND BRANDT.

1. INDICTMENT: DUPLICITY. An indictment charging in one count the accused with injuring and defacing a dwelling house, is not objectionable on the ground of duplicity.
2. PRACTICE: VERDICT AGAINST EVIDENCE. The Supreme Court will not review a verdict on the ground that it was against the evidence when no motion for a new trial upon that ground was made in the court

below, nor where the evidence is not properly certified in the record.

3. INSTRUCTIONS. The court is not bound to give instructions at the request of a party where they have been already substantially given to the jury.

*Appeal from Johnson District Court.*

FRIDAY, DECEMBER 7.

THE defendants, William Hockenberry and Isaac Brandt, were indicted for wilfully and maliciously injuring and defacing the dwelling of one Oliver Lundy. Defendants demurred to the indictment, assigning as cause therefor that it charged two distinct offenses in the same count. This demurrer was overruled. Plea, "not guilty." On the trial the defendant asked certain instructions to the jury which were refused by the court. Verdict, guilty, and defendant appeals, assigning as error the ruling of the court upon the demurrer, and the refusal to give the instructions.

*Clark & Bro.* for the appellant.

*S. A. Rice,* Attorney General, for the State.

1. An indictment under section 2686 of the Code for "maliciously injuring, defacing or destroying any building," &c., is not objectionable for the reason that it charges that defendants both "injured and defaced" a building; either of those acts or both, constitute but one public offense. The clauses in the statute are disjunctive and either one or all of them may be charged in one and the same count. *State v. Abrahams,* 6 Iowa 117; 1 Bish. Cr. L. section 535, 680; *State v. Barrett,* 8 Iowa 536; *State v. McPherson,* 9 Iowa 53.

2. Whether or not the evidence was sufficient to justify the verdict, can not be determined by this court, for the reason that the paper purporting to be an exception does not pretend to set it all out. It says: "The following testimony in *substance* was adduced." All the evidence should be set forth. 2 G. Greene 139; 5 Iowa 476; 1 Ib. 98; 5 Ib. 549.

LOWE, C. J.—I. Upon conviction the defendants were fined one dollar each, upon a charge of maliciously injuring the dwelling of one Oliver Lundy. It is claimed that inasmuch as the indictment alleges that the defendants both injured and defaced the dwelling in question, it contained a charge of two offenses. This, however, is a misconception. See Bish. Crim. Law, sections 535 and 680; *The State of Iowa* v. *Cooster*, 10 Iowa 453.

II. In order to bring before this court the question whether the verdict was against the evidence, a motion for a new trial should have been made in the court below, and all the evidence certified to us in the bill of exceptions, but neither of these things were done.

III. The instructions asked by the defense were all refused. Several of them contained the law applicable to this case, and could with propriety have been given, but it is apparent that the charge given by the court substantially covered the same ground, and as it was unnecessary, he was not bound to repeat the same instructions. The case is a trifling one, and perhaps not very well supported by the testimony, but in the condition of the record it is beyond the reach of correction by this court.

Affirmed.