ZWEIG VS. THE HORICON IRON AND MANUFACTURING COMPANY.

On an appeal from an award of arbitrators appointed pursuant to the charter of the *Horicon Iron and Manufacturing Company*, where the return of the arbitrators to the appellate court showed service of the notice of appeal upon them within the time allowed by law for that purpose: *Held*, that such return must be taken as true, and the appellate court must be deemed to have acquired jurisdiction of the case, although an affidavit afterwards filed in such court on the part of the appellant to prove the fact of such service, failed to show that the same was valid.

Although the Code gives an appeal from an order granting or refusing a new trial, a motion for a new trial is still to be regarded as addressed mainly to the discretion of the court, and its action will not be reversed unless that discretion was abused.

APPEAL from the Circuit Court for *Columbia* County.

The plaintiff claimed damages for the flowing of certain lands in Dodge county in consequence of the erection and

maintenance of a dam by the defendant. The claim was submitted to arbitrators appointed pursuant to the defendant's charter (Private Laws of 1854, p. 189), from whose award, made March 2d, 1859, the plaintiff appealed to the circuit court for Dodge county. Two of the three arbitrators, A. J. Rising and L. J. Fribert, certified the proceedings before them to said court, stating, among other things, that within the time prescribed by the charter aforesaid, the plaintiff had served on them a notice of appeal from their decision. The case was then removed, by consent, to the circuit court for Columbia county, where the defendant moved to dismiss it upon the ground that no notice in writing of the appeal had been served upon either of the arbitrators within ten days from the delivery of a copy of the award—which was the time allowed by law. Upon an affidavit of one T. L. Gillet that he served a notice of said appeal on said Rising, "by leaving a true copy thereof at his office at Horicon, and under the direction of Hon. Charles H. Larrabee, said Rising being absent," the court made an order requiring said Rising and Fribert to make return of the notice of appeal served in this cause, and of the time when it was served. In obedience to this order, a return was made, signed by said Fribert alone, as follows : "We do hereby certify and return that the annexed paper is a copy of a notice of appeal in this action, served on us, and the original of the same was so served on the 12th day March, 1859, which said original is lost and we are unable to find the same," &c. The notice annexed was in due form. The plaintiff also filed an affidavit of one Ira Hodge, tending to show that diligent efforts had been made to serve a copy of the aforesaid order of court upon Rising, the other arbitrator named therein, but that said Rising, having been notified of the design to serve him with the same, had purposely kept out of the way so as to avoid making a return to said order. The defendant, who appeared by his counsel for that purpose alone, objected to proceeding to the trial of the cause, on the ground that the same was not in said court, or not there in time to be noticed for trial. The court overruled the objection, a trial was had, and the plaintiff obtained

June Term, 1861.

Zweig
v.
Horicon Iron & Man. Co.

a verdict for $860. The defendant moved for a new trial, upon the same grounds on which he had objected to a trial being had, and also filed in support of the motion an affidavit of H. E. Connit, Esq., one of his attorneys, tending to show surprise. The plaintiff filed counter affidavits by himself, said Ira Hodge, and J. M. Gillet, one of his attorneys. The substance of these affidavits is stated in the opinion of this court. The circuit court overruled the motion, and rendered judgment for the plaintiff.

*Finches, Lynde & Miller*, for appellant.

*J. M. Gillet*, for respondent.

December 11

*By the Court*, PAINE, J. The circuit court was right in retaining jurisdiction of the proceeding, inasmuch as the return of the arbitrators showed service of the original notice of appeal upon them within the time required by law. So that whether the service stated in the affidavit of Gillet was sufficient or not, the return by them that there was a service must be taken as true and held sufficient.

The only other question is, whether the court erred in denying the motion for a new trial. We have decided at the present term that notwithstanding the Code gives an appeal from orders granting or refusing new trials, it was not the intention to change the old rule that those motions are addressed mainly to the discretion of the court, and that its action will not be reversed unless that discretion was abused. And we cannot say here that the circuit court did not properly exercise its discretion in denying the motion. The affidavits of Gillet, Hodge and the plaintiff, which do not appear in the printed case, fully rebut the idea that the defendant's counsel had any right to rely upon the case not being tried at that term. The notice of trial informed them that it was to be tried, and the affidavits show that the plaintiff's attorneys made repeated efforts to secure a stipulation to change the cases to Fond du Lac county, without success, and that they informed the defendant's attorneys, at the time the notice was served, that they were still willing so to stipulate, but unless such arrangement was effected, the case must be tried according to the notice. There was therefore

Connit's affidavit states that the plaintiff's attorneys told him that they and the witnesses were going home the next morning, and that the case would not be tried; and the affidavits on the other side give no explanation of this. Still we think his own affidavit does not make out a case of surprise. In the first place he fails to show that he was there managing the case, or for the purpose of assisting in it at all. On the contrary, he states that he did not know he was one of the attorneys of record, until he came to Portage City where the trial was. He does not show that the defendant's attorneys acted on those statements, or were thereby prevented from being present at the trial, or from doing anything that they otherwise would have done to get ready for the trial. It also shows that he himself knew or suspected, notwithstanding those statements, that the trial was to take place, in time to have been present if he had desired, and the record shows that the counsel for the defendant were present. We think the affidavit, when carefully examined, shows no ground for the pretense that the defendant's counsel were misled by the statements referred to, or failed to do anything that they otherwise would have done in consequence of them. And the consciousness that there was really no foundation for such a pretense, was probably the reason why this part of the affidavit was not denied or explained by the other side.

There is much in the affidavits going to show a studied effort on the part of the defendant to prevent a trial. And we cannot say, upon the whole affidavits, that the court erred in denying the motion.

The judgment is affirmed, with costs.