## NAPPER v. YOUNG.

1. INSTRUCTIONS: EVIDENCE. It is the province of the jury to determine the weight of evidence, and this should not be assumed by the court in giving instructions.

*Appeal from Dubuque District Court.*

SATURDAY, DECEMBER 14.

THE defendant leased to plaintiff stall No. 2 in the Market House in Dubuque for one year ending May 1st, 1858. The legal title to the stall was in the city of Dubuque. Young claimed to hold the same under a lease from the city; that he had rented the same under § 7 of an ordinance of said city regulating the market, passed July 17th, 1854; and had paid $40 for the choice of said stall, and the annual rent fixed by said ordinance, to-wit: $25,00 per year; that he had rented it with the privilege of holding it either one or five years. On the 28th of April, 1857, he paid $25 to the treasurer of said city, and took his receipt for the rent of same from May 1st, 1857, to May 1st, 1858; and had sub-let the same for the term last aforesaid, to plaintiff, for the sum of $150,00, who had entered into the possession thereof and continued to hold the same under defendant until the 25th day of May, 1858, when the market master, by direction of the city council, proceeded to sell the right to occupy the stall, at public outcry; and the same was purchased by the plaintiff, from the city. Plaintiff offered no resistance to the taking of possession by the market master. This action is brought to recover the $150 paid to Young, on the ground that the plaintiff had been evicted under a paramount title by the city of Dubuque. Trial by jury;

verdict for plaintiff; motion for new trial overruled; defendant appeals.

*Poor, Adams & Cram* for the appellant.

*Samuels, Allison & Crane* for the appellee.

BALDWIN, J.—The cause in the District Court turned upon the validity of defendant's lease from the city. To support his right to the possession of the stall, he introduced in evidence, § 7, ordinance of 1854, which provides, " that the rent of stalls in the market house is hereby established at $25, for each stall. The choice of stalls shall be sold by the market master, at public outcry, for cash ; and the person purchasing may hold the same from one to five years, at his option, by paying each year after the first year, the sum for which said stalls are required to be rented; and by paying the first year the amount bid for the choice of stalls in addition to the amount fixed for their rent."

The defendant also introduced in evidence an amendment to this ordinance, passed April 28th, 1856, which provides, that the rent of the stalls in the market house be fixed at $25 per annum, that they shall be sold by the market master, on the 1st day of June of that year ; and authorizing the payment of the amount bid to the city treasurer, whose receipt presented to the city auditor would entitle him to a license to use said stall. A proviso was annexed to this amendment, that nothing therein contained should interfere with the privileges of those who had purchased before the passage of the amendment.

The defendant also introduced a receipt of Kime, the city marshal, dated May 5th, 1855, for $40 for No. 2 butcher stall, in market house, was till the 1st of May, 1856.

Also, receipt of the city treasurer, dated April 29th, 1856,

for license for said stall to May 1st, 1857. Also, receipt of the city treasurer for $25 rent for said stall from May 1st, 1857, to May 1st, 1858, the last period covering the time of lease to plaintiff. The plaintiff, to rebut this evidence of the right of defendant to possession, introduced one Kime, who testified, that he was the city marshal of said city in the year 1855 ; that he sold to defendant the stall for one year only ; that he did not sell it under the ordinance of July 17th, 1854, but that he sold the same under the instructions of the city council. That as marshal he was not authorized to discharge the duties of market master.

The plaintiff also introduced as a witness one Chamberlain, who testified, that by virtue of a resolution of the city council, passed May 25th, 1857, as market master, he sold the stall in controversy, at auction, June 1st, 1857 ; that on that day he took possession of said stall and delivered over the same to plaintiff. W. T. Barker also testified, that defendant had acknowledged in a letter to him, that he had purchased the stall from Kime and for one year only. This is substantially the evidence as disclosed by the record.

The court, upon this evidence, gave to the jury the following instruction, to which the defendant excepted, and assigned such ruling as error. "Mr. Kime, the marshal, " states, that the sale at which Young purchased was not " under § 7 of the ordinance of July 17th, 1854. We are " left in the dark by the testimony as to the ordinance un- " der which Young purchased, and as the witness stated, " Young purchased for but one year ; and as the city " is admitted to have the legal title, the city must be " regarded as having the legal title at the time of the sec- " ond sale by the market master, at which time the plaintiffs " allege they were evicted."

This instruction we think erroneous. It virtually instructed the jury, that the defendant had no right to the possession

of the property. It is the province of the jury to determine the weight of evidence. The defendant introduced in evidence the ordinance under which he had purchased the stall; he had paid the rent therefor and had occupied it for one year. It is true the sale to him was not made by the market master, but by the city marshal. This was for the first year. The second year he paid the rent to the officer authorized by the amended ordinance to receive the rent of stalls, and also the third year's rent was paid to the city treasurer, who had authority to receive the same, and specified in the receipt for what the same was given.

Under this evidence the defendant could reasonably claim that he rented the stall under the ordinance of 1854, and that the city, by its acts through its officers, recognizing his possession, receiving the rent, &c., was estopped from denying his right to such possession. We do not undertake to say that the evidence was sufficient to show that the city had rented to defendant under said ordinance, but this was a question that was for the jury to determine. By the court saying to the jury that they were. left in the dark as to the ordinance under which the defendant held his lease, the province of the jury was assumed by the court. See Code of 1851, § 1791. *Russ et ux.* v. *War Eagle,* 9 Iowa 374. For this reason the judgment is

Reversed.