## WHITNEY V. BLUNT.

1. NEW TRIAL. The Supreme Court will not interfere with an order of the Court below granting a new trial on the ground that the verdict was against the evidence, when the evidence supporting the verdict does not so conclusively preponderate as to justify an interference with the exercise of the discretion vested in the Court in which the cause was tried.

*Appeal from Floyd District Court.*

WEDNESDAY, DECEMBER 9.

THE material facts are stated in the opinion of the Court.

*S. B. Starr* for the appellant.

*Milo McGlathery* for the appellee.

WRIGHT, J. — Plaintiff obtained a judgment against Frost and others; ordered execution thereon, and placed

the same in the hands of the defendant as sheriff. The writ being returned unsatisfied, this action is brought against the officer, claiming that he levied the same on two yoke of cattle, which he failed, neglected and refused to sell. Trial and verdict for plaintiff, motion for a new trial sustained, and plaintiff appeals. The new trial was granted because the proof did not show a levy, and because the verdict was against law and evidence.

It will be observed that plaintiff claims damages for a failure to sell property taken under the writ and not for failure to levy. Upon this, the only controverted point in the case, the evidence is to some extent conflicting. We cannot say it so conclusively preponderates in favor of the verdict, as to justify our interfering with the order granting a new trial. For the rule upon this subject see *Sheppard* v. *Brenton, ante,* and the cases there cited.

Judgment affirmed.