## McNair v. McComber.

1. New Trial. The Supreme Court will interfere with an order of the District court granting a new trial on the ground that the verdict in the cause was against the evidence only when it is manifest that the discretion vested in the court below has been abused.

*Appeal from Dubuque District Court.*

Tuesday, December 15.

For the facts see the opinion of the Court.

*Bissell & Shiras* for the appellant.

*O'Neil* for the appellee.

Lowe, J.—Action upon a covenant of warranty in a deed of conveyance, in which the verdict, recovered by plaintiff, was set aside and a new trial granted, and having excepted, he appeals from such ruling, assigning the same for error.

McNair v. McComber.

The deed was for lot 90, in the city of Dubuque; its date, February 21, 1854; consideration, $1,500; verdict, $1,163.90, which was set aside on account of excessive damages, and a new trial granted. The consideration named in the deed was proved to have been paid. The plaintiff's eviction of the north twenty feet of said lot was shown, and its value proved to be equal from one-third to one-half of the lot by one witness, and equal perhaps to one-half of the lot by two other witnesses. From the amount of the verdict returned, we presume the same was based upon the testimony of the two witnesses who declared that in their opinion the north twenty feet of said lot to which the title had failed was worth one-half of the whole. The Court, however, granted a new trial upon the ground that in its judgment this finding of the jury was excessive. It is claimed, that in doing so the Court abused its discretion. But after all there was some conflict of testimony, and we can conceive of some reasons why the Court may have supposed the testimony of the first witness furnished the most reliable data upon which to predicate a verdict, growing out, perhaps, of his relations to the parties and his superior means of knowledge, &c. We have so frequently stated the rule we have adopted in cases of this kind, that we deem it quite unnecessary to repeat it. It is sufficient to remark that the ruling of the Court in the premises was made just under circumstances where we cannot clearly see, and safely hold that it has abused its discretion.

We only add, that we give but little consideration to the suggestion that excessive damages was not one of the causes set down for a new trial, because we think it is involved in the allegation that the verdict was against the weight of evidence. Nor do we think it necessary, in the present aspect of the case, to advert to certain propositions

of law which the appellee urges in support of the ruling of the Court. The judgment is

Affirmed.