THE BURLINGTON GAS LIGHT COMPANY v. GEEEN, THOMAS & Co.

21 335
113 656

1. Practice: BILL OF EXCEPTIONS. The Supreme Court will not interfere with an order of the court below granting a new trial on the ground that the verdict was not sustained by the evidence when the evidence is not all set out in the bill of exceptions. A statement that it contains the substance is not sufficient.

2. —— DISCREPANCIES. When the testimony is not set out in the body of the bill, and there are discrepancies in the references and paging, the appellate court will disregard it.

3. New trial: GRANTED : VERDICT AGAINST EVIDENCE. The Supreme Court will not interfere with an order of the court below granting a new trial on the ground that the verdict was not sustained by the evidence unless there is a clear and manifest preponderance in favor of the verdict. A stronger case should be made to authorize a reversal than when a new trial is refused.

The Burlington Gas Light Company v. Green, Thomas & Co.

*Appeal from Des Moines District Court.*

WEDNESDAY, DECEMBER 5.

THIS action is brought on a note made by Green, Thomas & Co. as principals, and the defendants, Tallant and Kendall, as sureties, dated September 12, 1857, due in sixty days, for one thousand dollars. The principals set up payment on the 31st of March, 1858, by the transfer to plaintiffs of a note on Stuart & Gaddis, of date May 7, 1857, due twenty-one months after date, for $2,343.75. The sureties answered that plaintiff extended the time of payment to the principals without their knowledge or consent, whereby they were released.

Upon these issues there was a trial and judgment for plaintiffs. All the defendants moved for a new trial, because the verdict was against the law and the evidence, and because the court erred in giving certain instructions. This motion was sustained as to the sureties, and continued as to the principals. From this order, so far as it relates to Tallant & Kendall, plaintiff appeals.

*P. Henry Smyth* for the appellant.

*Tracy & Newman* for the appellees.

WRIGHT, J.—We do not feel justified in disturbing the order granting a new trial. In the first place, within

1. PRAC-TICE: bill of exceptions.

the rule stated in *The State of Iowa* v. *Lyon* (10 Iowa, 340), there is nothing to show that we have before us all the testimony adduced on the trial below. A statement that the bill of exceptions contains the *substance* of it, is not sufficient. And see *State of Iowa* v. *Hockenberry and Brandt*, 11 Iowa, 269.

In the next place, the testimony is not in the body of the bill of exceptions, and there are discrepancies in the paging, or references made. Such being the case, we cannot do otherwise than reject or disregard it. *Bell* v. *Rowland*, 9 Iowa, 282; *Lynes* v. *Thompson*, 16 Id., 62; *Van Orman* v. *Spofford et al.*, Id., 186, and cases there cited.

2. —— dis-
crepancies.

But finally, one ground of the motion for a new trial was that the verdict was against the evidence. This motion was sustained generally, and while from the testimony we might have found as the jury did, there is no such conclusive preponderance in favor of the verdict as to justify our interference with the order granting a new trial. This is a case (involving no inconsiderable amount) where the new trial was granted, and a stronger case should be made to authorize a reversal than if it had been refused. See the following cases: *Whitney* v. *Blunt*, 15 Iowa, 283; *McNair* v. *Mc-Comber*, Id., 368; *Shepherd* v. *Brenton*, Id., 84; *McKay* v. *Thorington*, Id., 25; *Alger* v. *Merrick*, 16 Id., 121; *Newell* v. *Sanford*, 10 Id., 396; *Ruble* v. *McDonald*, 7 Id., 90; *Braddy* v. *Lumery*, 11 Id. 29.

3. NEW
TRIAL:
verdict
against evi-
dence.

The testimony we need not refer to, either in detail or generally. It is sufficient to say that it was not without conflict, upon the issue made by the answer of the appellees, that the time of payment was extended to the principals in the note, for a valuable consideration, without the consent of the sureties. Its weight may be conceded to be in favor of plaintiff, but it is the constant practice to refuse to interfere when the new trial is granted, and when we should have done the same thing if it had been refused. *Phelps* v. *Hart*, 15 Iowa, 596. And see *Brockmar* v. *Berryhill*, 16 Id., 183.

This is not a case where the court below misapplied a legal proposition. True, the record seems to indicate that

the ruling was based somewhat upon the ground that there was error in giving certain instructions. But it by no means appears that it was based entirely upon this ground. And while these instructions do not strike us as objectionable, we need not discuss them, as upon the new trial the questions made may not arise.

Affirmed.