## ROBINSON v. BACON & STROHM.

New trial: WHEN COURT BELOW HAS GRANTED. Where a new trial has been granted by the District Court, the Supreme Court will require a stronger case for interference than where one has been refused.

*Appeal from Muscatine District Court.*

### FRIDAY, MAY 8.

PLAINTIFF seeks to recover for the value of a horse, which he charges died from eating corn, carelessly and negligently left by defendants exposed on the common, in the village of Wilton, etc.

Answer in denial — also alleging that defendants were dealers in grain; that they stored their corn in cribs on their own lot; that many other grain dealers stored in the same way in cribs on uninclosed lots; that of this plaintiff had knowledge; that he turned his horses out, contributed to his own injury, etc.

Trial — verdict for plaintiff — motion in arrest and for a new trial sustained, and plaintiff appeals.

*Cloud & Broomhall* for the appellant.

1. If one "does a legal act in such a careless and improper manner, that injury to third persons may probably ensue, he is answerable in some form of action for all the consequences which may directly and naturally result from his conduct." 1 Hilliard on Torts, 94; *Alger* v. *M. & M. R. R. Co.*, 10 Iowa, 268; *Young* v. *Harvey*, 16 Ind. 314; *Durham* v. *Mussellman*, 2 Blackf. 96.

2. The objection to the petition that it did not set forth a valid cause of action, should have been taken by demurrer, and the defendants having failed to do so and answered over, waived the objection. 1 Van Sanford

Pleadings, 323; *Hardin* v. *Snyder*, 15 Iowa, 464; *Davenport Gas Light and Coke Co.* v. *City of Davenport*, 13 id. 232; *Ayers* v. *Campbell*, 3 id. 589; *Clark* v. *Cress*, 20 id. 50.

3. The preponderance of evidence is with the plaintiff, and if not, there is certainly enough to warrant the jury in finding as they did, and under the rule of this court, as established by frequent decisions, the verdict will not be disturbed if there is sufficient evidence to warrant it. We therefore ask that the ruling of the District Court be reversed, and that judgment be rendered on the verdict of the jury.

*Thos. Hanna* and *Richman & Carskadden* for the appellees.

Motions for new trial are addressed to the discretion of the court trying the case, and will not be disturbed by this court, unless the discretion has been abused. *Loyd* v. *McClure*, 1 Green, 139; *Jordon* v. *Reed*, 1 Iowa, 135; *Stewart* v. *Enbank*, 3 id. 191; *Hendricks & Cooper* v. *Wallis*, 7 id. 225; *Newell* v. *Sanford*, 10 id. 396; *State* v. *Tomlinson*, 11 id. 407; *Lodge* v. *Reznor*, 13 id. 600; *Templin* v. *Iowa City*, 14 id. 59.

When the court has granted a new trial, a much stronger case must be made out before this court will disturb it than when refused. *Cook* v. *Sypher*, 3 Iowa, 484; *Ruble* v. *McDonald*, 7 id. 90; *Newell* v. *Sanford*, 10 id. 396; *Caffrey* v. *Groom*, id. 584; *Shumaker* v. *Gelpke*, 11 id. 84; *Head et al.* v. *Langworthy*, 15 id. 235; *Shepherd* v. *Brenton*, 15 id. 84; *Alger* v. *Merritt*, 16 id. 121; *Chapman* v. *Wilkinson*, 22 id. 541; *Sanders* v. *Clark*, June Term, 1867.

The testimony does not sustain plaintiff's allegations, and if sustained, plaintiff could not recover. *Durham* v.

*Mussellman*, 2 Blackf. 95 ; *Herold* v. *Myers*, 20 Iowa, 378.

· Plaintiff says we cannot attack the petition, because we did not demur before pleading. We moved an arrest, which is one of the modes pointed out. *Nollen* v. *Wisner*, 11 Iowa, 190 ; *Veach* v. *Thompson*, 15 id. 380.

In this last case, the head notes contradict the opinion. The decision of the District Court should be affirmed.

WRIGHT, J. — The grounds of the motion for a new trial, etc., were, that the evidence did not justify the verdict ; that the verdict was against the law ; and that the petition did not contain a good cause of action. Upon what ground it was sustained does not appear.

With the order appealed from we shall not interfere. The court below, with all the facts before it, has, in a case peculiar in its character — in which there was a mass of somewhat conflicting evidence, in the exercise of a sound discretion, granted a new trial, and no case can be found in all the prior decisions of this court, where, under such circumstances, we have reversed the ruling. The testimony falls far short of so overwhelmingly preponderating in plaintiff's favor, as that the court might not reasonably and properly enough award a second trial. We should have felt much more inclined to interfere if the motion had been overruled. With this view of the record — as the parties have another opportunity to present the facts to a second jury — we readily unite in the conclusion that the order setting aside the verdict, etc., should be affirmed. The more important and pertinent cases on this subject in this court are *Cook* v. *Sypher* (3 Iowa 484) ; *Newell* v. *Sanford* (10 id. 396) ; *Ruble* v. *McDonald* (7 id. 90) ; *Shepherd* v. *Brenton* (15 id. 84) ; *Chapman* v *Wilkinson* (22 id. 541).

Affirmed.