DANIEL R. ANTHONY v. GEORGE A. EDDY, *et al.*

*Error from Leavenworth County.*

NEW TRIAL.—The granting or refusing a new trial for the reason that "the verdict is not sustained by sufficient evidence," must always, to a great extent, be left to the sound discretion of the court trying the cause; and the Supreme Court will not reverse an order of the district court; setting aside the verdict of the jury, and granting a new trial, unless a great preponderance of the evidence appears to sustain the verdict.

The facts of the case not disclosed by the statement in the subjoined opinion are as follows:

The plaintiff purchased of Jerome B. Chaffee certain premises, including No. 10 Delaware street, Leavenworth city, and received a deed therefor. Defendants acted as agents of Chaffee in the negotiation and completion of the purchase, and delivered the deed to the plaintiff.

After the purchase the defendants claimed to have a lease on the premises, and collected rents thereon and appropriated the same to their own use. The action was brought to recover the amount of the rents so collected and appropriated.

The defendants claimed that the plaintiff had notice of the existence of the lease. This was denied by the plaintiff. There was conflicting evidence on this point, and the jury found for the plaintiff. They also made special findings of fact, and assessed the amount of recovery at the full amount of the rents collected by the defendants.

The court below instructed the jury as follows:

The counsel ask special findings in this case, and I have but few instructions to give you. If the defendants notified the plaintiffs, during the pending of the negotiations, of the existence of their rights in the premises, the plaintiffs would only be entitled to a verdict of $133 33⅓-100 and interest from October last. The questions are: First, were the defendants the agents of Chaffee in the sale of the property, including No. 10 Delaware street? You will write under these questions your answer: "Yes," or "No." Second, did Eddy & Arnold, or either of them, make known to Mr. Anthony the terms and conditions of their lease? Third, did the defendants, or either of them, represent to the plaintiffs that No. 10 Delaware street was renting for $133 33⅓-100 per month? There is no question as to the identity of

the property. Fourth, did the defendants, or either of them, tell the plaintiff, before his purchase, that they had a lease on the premises in dispute until October, and the terms and conditions thereof? Fifth, did the defendants, or either of them, use any means to conceal this interest in the property? and if so, what? If they used no means to conceal, you will say "No." If they did, you will state what these means were. Sixth, had the plaintiff, before his purchase, notice of the lease of the defendants?

No exceptions, by either party, seem to have been taken to the instructions at the time. Rulings were made as to the admission of evidence, and excepted to.

On motion for a new trial by the defendants, the court below found that certain of the special findings and the general finding were contrary to the law and the evidence, and set the findings aside and granted a new trial. The plaintiff asks to have the order setting aside the findings and granting a new trial reversed, and to have judgment entered upon the findings.

*J. McCahon,* for plaintiff in error.

*Hurd & Stillings,* for defendants in error.

*For the plaintiff in error, McCahon* submitted:

There is error shown in this record in this, the court below erred in granting a new trial for these reasons:

1. No exceptions taken during the trial having been reduced to writing and allowed and signed during the term at which the trial took place, a new trial could not be granted for error of law occurring at the trial. 10 *Ohio St.,* 223; 1 *Kan.,* 143.

2. *a)* There having been conflicting testimony on

both sides on the disputed points, the new trial should not have been granted. 5 *Mass.*, 253; 15 *id.*, 291; 7 *Halst. R.*, 153; 4 *Wend.*, 423; 5 *id.*, 48; 2 *id.*, 352; 11 *Conn.*, 440; 1 *Mo.*, 13; 5 *Ohio*, 245; 6 *id.*, 556; 22 *Maine*, 131; 7 *Mo.*, 61; 8 *id.*, 642; 1 *Graham & Wat.*, 380; 1 *id.*, 1297, 1298.

*b*) The court should not set aside a verdict merely because it might, upon the evidence, have arrived at a result different from the jury. 12 *N. H.*, 171; 6 *Leigh*, 230; 5 *id.*, 598; 3 *Graham & Wat.*, 1296, 1297, 1298.

*c*) Where a case is fairly presented to a jury on conflicting evidence, a court should never interfere. 1 *Gil.*, 70; 8 *Mo.*, 431; 2 *McLean*, 351.

3. Was the verdict contrary to law?

*a*) The instructions given by the court to the jury were brief, and the findings of the jury were in accordance with them. If the instructions were erroneous, it was "error of law occurring at the trial," and could only be reached on motion for new trial, if regularly excepted to at the time. A party cannot lie by, in such a case, without excepting, and then claim that the verdict is contrary to law.

*b*) If the general finding was contrary to law, the court should have entered such a judgment as the findings justified.

4. The defendants are liable to the plaintiff for the full amount of the rents collected by them after the conveyance by Chaffee, and they are estopped from setting up their lease to defeat such a liability. *Dart on Vendors*, 41, *note; Sugden on Vendors*, 5, 6; 30 *N. Y.*, 226, 230.

It has been held that if an attorney of a vendor of an estate, knowing of incumberances thereon, treat for his client for the sale thereof without disclosing them to

the purchaser, and represents it so as to induce a buyer
to trust his money upon it, a remedy lies against him, as
well at law as in equity.    *Dart on Vend.*, 41, *note; Sugden
on Vend.*, 5, 6.

A party having a conveyance of land, who keeps it
secret and looks on and suffers another to purchase and
invest money in the land without making known his
claim, will not be permitted afterwards to assert his legal
title against such innocent purchaser.    2 *Atk.*, 83; 2
*Vern.*, 150; 3 *Atk.*, 692; 5 *Vern.*, 688; 7 *id.*, 231; 1
*Johns. Ch.*, 344; 3 *Paige*, 545; 5 *Johns. Ch.*, 344.

A person having the legal title who acquiesces in the
sale of the land by another, claiming or having claim of
title to it, is estopped from afterwards asserting his title
against the purchaser, especially if he has encouraged
the person to deal with each other in such sale.    1 *Johns.
Ch.*, 244; 6 *T. R.*, 556; 2 *Vern.*, 339; 6 *Johns. Ch.*, 166;
1 *Barb.*, 610.

It is not necessary to an equitable estoppel that the
party should design to mislead; if his act was calculated
to mislead, and actually has misled another acting upon
it in good faith, and exercising reasonable care and dili-
gence under all the circumstances, that is enough.    30
*N. Y.*, 226, 230.

*Hurd & Stillings, for defendant in error*, submitted:

This is a proceeding in error to reverse the order of
the court below, setting aside a verdict and granting a
new trial.

1.    This court will not reverse the order granting a
new trial in such a case.    *Spafford v. Bradley*, 20 *Ohio*,
74; *Hicks v. Parsons*, 19 *id.*, 446; *McCreary v. Cockerill*,
3 *Kan.*, 37.

2. But if this was not the rule, the verdict in this case should have been set aside.

*a*) Because the verdict was more, even, than the amount claimed by the plaintiff below.

*b*) The evidence was not sufficient to sustain the verdict.

*c*) The petition of the plaintiff below did not make a case which entitled the plaintiff to recover, or which was sustained by the evidence. 2 *Greenl. Ev.*, 110; 1 *Stephens' Nisi Prius*, 333; *McAfferty v. Conover*, 7 *Ohio S.*, 99; 2 *Lead. Cas. Eq.*, 66, 116, 117, 118, 143, 158, 160, 161, *and cases cited.*

3. The court below erred in ruling out the record evidence offered, and for that reason alone the verdict should have been set aside. *Laws* '66, *p.* 96.

4. The court erred in its instructions to the jury, or rather did not at all instruct the jury in the law applicable to the testimony.

*By the Court,* VALENTINE, J.

This action in the court below, was tried by a jury. The jury found a verdict for the plaintiff. The court on motion of the defendants set aside the verdict and granted a new trial, on the ground that "The verdict was not sustained by sufficient evidence." The plaintiff complains that this was error, and brings the case here for review.

By an examination of the record, we find that the evidence was conflicting, but the weight of the evidence, as we think, was against the plaintiff. We shall not stop to consider whether the district court should have granted the new trial or not, for that is not the question pre-

sented us.   The question for our consideration, is whether
the district court so greatly abused its discretion that we
should interfere to control that discretion.   The question
before the district court in all such cases is, whether the
verdict is clearly against the weight of the evidence, and
if the verdict be set aside and the case brought to the Su-
preme Court, then the question for the Supreme Court to
determine, is whether a great preponderance of the evi-
dence seems to sustain the verdict.   The judge of the
district court, who sees the witnesses, hears them testify,
and knows the manner in which their testimony is
elicited, is much more able to judge of their credibility
and the weight of their testimony, than the Supreme Court
that sees the evidence only on paper.   We think gener-
ally, that the granting or refusing a new trial, for the
reason, "that the verdict is not sustained by sufficient
evidence," must always, to a great extent, be left to the
sound discretion of the court trying the cause; and the
Supreme Court will not interfere to control that discre-
tion, except when it seems to have been abused; and if
the district court sets aside the verdict of the jury and
grants a new trial, the Supreme Court will not reverse
that order, unless a great preponderance of the evidence
appears to sustain the verdict.

This is not a new question, and the authorities seem to
be very nearly, if not entirely, uniform.   We will refer
to a few of the later decisions:  *Whitney v. Blunt*, 15
*Iowa*, 283; *McNair v. McComber*, 15 *Iowa*, 368; *Van
Valkenburg v. Hoskins*, 7 *Wis.*, 496; *Watson v. McClay*, 4
*Cal.*, 288; *Nagle v. Hornberger*, 6 *Ind.*, 69; *Miller v. Schuy-
ler*, 20 *N. Y.*, 522; *Platt v. Monroe*, 34 *Barb.*, *S. C.*, 29;
*Copp v. Brizzolara*, 19 *Cal.*, 607; *Hanson v. Barnhusel*, 11
*Cal.*, 340; *Ruble v. McDonold*, 7 *Iowa*, 90; *White v. Poor-*

*man*, 24 *Iowa*, 108; *Robinson v. Bacon & Strohen*, 24 *Iowa*, 409; *House v. Wright*, 22 *Ind.*, 383; *Zeveia v. Houcon, etc., Co.*, 14 *Wis.*, 356; *Lewellen v. Williams*, 14 *Wis.*, 687; *Sanford v. Eighth Av. Railroad Company*, 23 *N. Y.*, 443; *Leper v. Enderton*, 9 *Ind.*, 352.

The order of the court below is affirmed.

All the justices concurring.