Miller, J.
l instrucvfnce o^thé ;iliryI. The first and second errors assigned are to the giving of the sixth, eighth and ninth instruo ticms contained in the charge of the court, and the refusal of the second, fourth and fifth instructions asked by defendant. The following are those given by the court:
“ 6. The law required him (plaintiff) to take the same care of money belonging to the defendant as a prudent and cautious man would of his own money under similar circumstances. If you find the plaintiff thus cautious and prudent, then, as to the counterclaim, find for him; otherwise, against him.”
“ 8. If you find that the plaintiff was instructed to allow no freight to be delivered before freight was paid, and that he violated his instructions, and a loss was occasioned thereby, he would be responsible for such loss, unless you should further find that his employers knew of such practice, and made no objection thereto, in which case you *395 may find a waiver of such instructions by defendant, in this respect, and find for plaintiff.
“ 9. So it was the duty of the plaintiff to remit money received, as directed, but this would not make him liable for not doing so, if other duties prevented it and he acted in good faith and diligently in the discharge of his duties.”
Those asked by the defendant, and refused, are the following:
“ 2. If you find, from the evidence in this case, that the defendant, by its officers or agents, had instructed the plaintiff to make remittances every day on defendant’s passenger train going east, whenever the money in his hands or under his control, belonging to said defendant, exceeded the sum of $10, and that, on the 7th day of July, 1869, when defendant’s passenger train passed the station going east, he had in his possession or under his control more than $10 of defendant’s money, and that he failed or omitted to remit the same on 'said train, and that afterward said money was stolen from him, then he is responsible to defendant for the amount of money, over $10, not remitted by him; provided, always, that said money was in his hands or under his control a sufficient time before the arrival of the train to enable him to make up the package for remittance.”
“ 4. The evidence in This case not being sufficient to sustain a verdict in favor of plaintiff, you are hereby instructed to find for the defendant.”
“5. If you find from the testimony that the plaintiff neglected to remit funds belonging to the defendant, according to his instructions from the defendant, and shows no good reason for not so remitting, and said money was stolen, he is liable for the amount in his hands at the time he might have so remitted.”
There was no error in refusing to give the fourth instruction asked by defendant. By it the court was asked to instruct the jury upon the sufficiency of the evidence to *396 entitle the plaintiff to recover. There being evidence tending to entitle the plaintiff to a verdict, it was the exclusive province of the jury to pass upon its sufficiency. Napper v. Young, 12 Iowa, 450; Russ v. The Steamer War Eagle, 14 id. 363 ; Oleson v. Hendrickson, 12 id. 222.
2__refUsai of-The second and fifth, instructions asked by defendant were applicable to the evidence given on the trial, and their refusal would have been error if the charge of the court had not embodied the law substantially as in these instructions.
"When we take the other instructions of the court, together with those excepted to, we think the jury were given the law substantially as the defendant claimed it to be by his second and fifth instructions.
The fifth and seventh instructions given by the court supply what the sixth, eighth and ninth lacked. They are as follows:
“ 5. It was the duty of the plaintiff to be diligent, careful and prudent in the care and custody of the money coming'into his hands belonging to the defendant, and his failure to do so would render him liable for the amount.”
(6. Above given.)
“A It is the duty of the agent to obey strictly the instructions of his employer, and if he departs therefrom, and a loss occurs, it will be the loss of the agent.”
This seventh instruction, together with the ninth, given by the court, state the law as contended for by appellant’s counsel, and as strongly as contained in the second and fifth instructions refused by the court.
It is not erroneous to refuse to give instructions the substance of which has already been given in the court’s charge. The State v. Hockenberry & Brandt, 11 Iowa, 269 ; Trustees of Iowa College v. Hill, 12 id. 462; Peck v. Hendershott, 14 id. 40 ; Rindskoff Bros. v Barrett, id. 101; Russ v. The S. B. War Eagle, id. 363 ; Cousens v. Westcott, 15 id. 254; State v. Sheeley, id. 404; Smith v. *397 Grable, 14 id. 430; Denton v. Lewis, 15 id. 301; Nason v. Woodward, 16 id. 216; State v. Rorabacker, 19 id. 154.
'3. Master and servant: liability of servant, II. The third assignment is, that “ the court erred in overruling defendant’s motion for a new trial, because the verdict of the jury was contrary to the evidence m the case.’
The plaintiff as a witness stated that “ his instructions were to remit the money he had received daily by every train, all sums over $10.” McKinley testifies, that “ all the agents were instructed to remit by every train all sums over $10; plaintiff had special orders in April last to do so.” Plaintiff showed that the train going east left his station about 11 o’clock on the 7th of July, 1869. Bowman, a witness for defendant, testified: “ I was a clerk in the Manchester office of defendant, on the 7th of July, 1869; on the night of the 6th of July, I think, I had between $60 and $80; I picked it out of the drawer and put it in my pocket; in the morning a few minutes before the train arrived, I gave it to the plaintiff; this was passenger money; the train remained, I think, about fifteen or twenty minutes; plaintiff could have got the money so as to have remitted it that day by coming to my room for it; my room was in the passenger depot, up stairs; I don’t think he would have had time to remit after I gave him the money.”
On this evidence appellant’s counsel insist that the plaintiff was liable for this $60 or $80 handed him by the night clerk a few minutes before the arrival of the train, and that in this respect the verdict is against the evidence; and in this respect only is it so claimed.
They base this claim upon the statement of Bowman, the clerk, that plaintiff could have obtained the money in time to have remitted it by the train, by comvng to his (the clerk’s) room for it.
There is nothing in the record to show that Bowman was the plaintiff’s private clerk, employed by him, and for *398 whose acts or neglect he was responsible. Bowman testifies in these words: “ I was a clerk in the Manchester office of defendant,” etc. In the absence of further evidence we must presume that he was a clerk employed by the railroad company, and if so, was it the duty of the plaintiff to go to this clerk’s room, wake him up, and get the money ? There is nothing in the evidence that imposes this duty upon him, nor is there any thing shown in the relations existing between the agent and clerk from which we are to presume this to have been the duty of the agent. Bor any thing that appears, it may have been the special duty of the clerk to pay over to the agent. This he did do, but not in time for the agent to remit by the proper train, which the clerk says had just whistled about the time he gave the money to the plaintiff.
It is not claimed by appellee that the plaintiff is liable for not remitting the money paid him by the clerk for any other reason than that he might have obtained it in time to remit by the 11 o’clock train on the 7th of July, by going to the clerk’s room for it. We find nothing that imposed this duty on the agent. There was, therefore, no error in overruling the motion for a new trial on this ground.
III. The fourth and fifth assignments of error, viz.: That the court erred in overruling defendant’s motion for a new trial, because the verdict of the jury was contrary to the law applicable to the case, and that the verdict was contrary to the instructions of the court, have not been urged in argument, and are already disposed of in what we have said on the other errors assigned.
Binding no error in the record, the judgment of the circuit court is affirmed.
Affirmed.