MULDOWNEY, Admx., v. THE ILLINOIS CENTRAL R. R. Co.

1. Jury and verdict: DIRECTION BY COURT: NONSUIT. While the trial court may properly refuse to allow a cause to go to the jury, or may direct a jury as to the verdict, where there is no evidence, or where the essential elements of a cause of action or defense are wanting, such course is not proper where there is evidence tending in any degree to establish the same.

2. Instructions: MUST BE CLEARLY GIVEN. Each party has the right to have the jury instructed upon the law of the case, clearly and pointedly, so as to leave no reasonable ground for misapprehension or mistake; and, if the instructions of the court fail thus to instruct, it is error to refuse one calculated to cure the omission.

*Appeal from Dubuque District Court.*

THURSDAY, JULY 27.

IN the month of September, 1868, one Edward Laughlin was in the employment of the defendant as baggage-master

and brakeman, on the Dubuque and Sioux City railroad, which was operated by the defendant as lessee. The petition alleges that at Ackley, Iowa, while said Laughlin was engaged in coupling the defendant's cars, he was caught between the same and severely bruised and injured; that said injury was caused by the negligence and carelessness of the defendant in the use of improper cars, improper couplings and mismatched bumpers, or drawheads, whereby one drawhead overrode the other; and was not caused by the negligence or carelessness of said Laughlin. This action was originally commenced by Laughlin, to recover for the injury sustained, but, before the same was tried, he died, about May 13, 1869. The plaintiff avers that she was regularly appointed administratrix of the deceased; that his death was caused by injuries received as aforesaid, and prays judgment for $25,000.

The answer of the defendant denies the material averments in the petition, and alleges that the accident and injury to Laughlin were caused by his own negligence, and that his death was not the result of said injuries, but of his own negligence and carelessness after he was injured.

The cause was tried to a jury. Verdict and judgment for plaintiff. Defendant appeals.

*Crane & Rood* for the appellant.

*Adams & Robinson* and *T. S. Wilson* for the appellee.

MILLER, J. — I. On the trial, and after the evidence was all in, the defendant's counsel moved the court "to direct the jury to find a verdict for the defendant on the ground that the evidence adduced in the case would not authorize or warrant the jury in finding a verdict for the plaintiff." This motion the district court overruled, and this ruling is assigned as error.

1. JURY AND VERDICT: direction by court: nonsuit.

There was no error in overruling the motion. Where there is no evidence, or where essential or integral elements of a cause of action or defense are wholly without proof, the court trying the cause may very properly refuse to allow the case to go to the jury, or it may *direct* the jury as to the verdict to be rendered. *Allen v. Pegram*, 16 Iowa, 163; *Potter et al.* v. *Wooster et al.*, 10 id. 334; *Thorp, Smith & Hanchett* v. *Craig*, id. 461. But when there is evidence tending in any degree to establish the cause of action or defense, it is error for the court to take the case from the jury or pronounce an opinion upon the sufficiency or weight of the evidence, except in cases where the proof is documentary. It is the peculiar province of the jury to decide questions of fact and the weight of evidence and the credibility of witnesses. Instructions must state rules of law only, leaving to the jury the decision of the facts and the application of the rules of law given them by the court. Rev., § 3051; *Napper* v. *Young*, 12 Iowa, 450; *Keenan* v. *The Missouri St. Mutual Ins. Co.*, id. 126; *Russ* v. *Steamer War Eagle*, 9 id. 374; *Same* v. *Same*, 14 id. 363; *State* v. *Turner*, 19 id. 144; *State* v. *Rorabacher*, id. 154.

In the case under consideration, there was evidence before the court and jury *tending*, at least, to establish negligence on the part of the defendant in the use of cars of dangerous construction; and, while we refrain from expressing any opinion upon its weight or sufficiency, we are clear that the court acted properly in leaving these questions to the jury, whose peculiar province it is to determine them.

II. The defendant's counsel insist that the court erred in refusing to give the following instruction, requested by them, viz.: "To entitle the plaintiff to recover in this action, she must prove that the injury to her intestate was caused by the negligence of the defendant, and that her intestate was

2. INSTRUCTIONS: must be clearly given.

Muldowney v. The Illinois Central R. R. Co.

not guilty of negligence which contributed to the injury; and in both respects the burden of proof is .upon the plaintiff."

That this instruction contains a correct exposition of the law as applied to the facts of the case the appellee makes no question, but it is insisted that it was given in the court's charge, and hence there was no error in refusing to give it again. Appellee's counsel urge that the third, fourth, fifth, sixth and seventh paragraphs of the charge embody the law substantially, as stated in the instruction refused. They are as follows:

" 3d. It will be your duty, first, to consider whether the defendant was guilty of negligence as averred in the petition. And upon this point it may be observed, that negligence in law is the omission to do something which a reasonable, prudent and honest man would do, or the doing something which such a man would not do under all the circumstances of the particular case.

" 4th. In determining whether there was such negligence on the part of the company, it will be your duty to consider the hazardous nature of Laughlin's employment, and whether the cars in question were constructed with that regard for the safety of the brakemen which the responsible officers of the company would probably require if they were men of ordinary prudence, and were required to do the coupling of the cars themselves.

" 5th. If you find that the company's cars were so constructed that one bumper or drawhead overrode the other, and that the company was culpably negligent in using such cars, and that the accident was caused thereby, then you will proceed to inquire whether Laughlin contributed to the accident by his own negligence, as averred in defendant's answer.

" 6th. It devolves upon the plaintiff to satisfy you that Laughlin exercised ordinary care, but if you believe from the circumstances proven, and from the known disposition

of men to take care of themselves, that Laughlin exercised ordinary care, and that the accident was caused by the negligence of the defendant, then your verdict must be for the plaintiff. ·

" 7th. Ordinary care is that degree of care which persons of ordinary prudence are accustomed to exercise. Laughlin was not bound to exercise greater care than that; and if he was only slightly negligent, that is, if he was guilty of only such negligence as persons of ordinary prudence are guilty of, such negligence could not defeat the plaintiff's right to recover."

It will be observed that in these instructions the court defines what negligence is, the degree of negligence that will make the defendant liable, and the *consequences* resulting from such negligence. They also inform the jury that it *devolves* upon the plaintiff to satisfy the jury that Laughlin exercised ordinary care, and what ·is meant by ordinary care ; but they entirely fail to inform the jury of the *consequences* of negligence on the part of Laughlin, or how such negligence, if found by the jury, should influence their verdict. They are told that if the injuries to Laughlin were the result of the defendant's negligence, then· defendant is liable, but they are not informed that if such injuries were caused, or directly contributed to, by Laughlin's own negligence, the defendant is not liable. While this result may be *inferred* from the charge, it is not, as it should be, expressed in clear and unmistakable language. *Davis, Sawyer & Co.* v. *Strohm*, 17 Iowa, 421 ; see, also, *Greenleaf* v. *Illinois Central Railroad Co.*, 29 id. 14, and cases there cited ; *Spencer* v. *The Illinois Central Railroad Co.*, id. 55.

Each party has the right to have the jury instructed upon the law of the case *clearly and pointedly*, so as to leave no ground for misapprehension or mistake. The defendant was as much entitled to have the court say to the jury that, if they found the deceased contributed

directly to the injuries complained of, the defendant was not liable, as the plaintiff was, to an instruction that, if the injuries to the deceased were caused by the negligence of the defendant, it was liable.

The judgment of the district court is reversed, and a new trial ordered.

Reversed.