THE NEW YORK PIANO FORTE COMPANY v. MUELLER.

1. **Practice:** NEW TRIAL. No abuse of discretion by the trial judge being shown, an order granting a new trial will not be disturbed, even where the court would have affirmed a ruling denying a new trial.

2. ———: ———. A stronger case must be made to justify the interposition of this court, when a new trial has been granted, than when it has been refused.

*Appeal from Pottawattamie District Court.*

WEDNESDAY, JUNE 17.

ON the 8th day of October, 1872, plaintiff filed in the Pottawattamie District Court a petition in equity, claiming that on June 11th, 1868, defendant was indebted to them on account of pianos in the sum of $1991.40, and that to secure the payment of said sum and interest, on the 16th and 17th days of December, 1868, he caused to be executed to them deeds of conveyance for lots one, two and three in block five, in Casady's addition to Council Bluffs, and for lots eighteen and nineteen in block nine, in Williams' first addition to Council Bluffs. The petition alleges that Mueller was the equitable owner of said property, and caused the same to be conveyed by the grantors, Casady and Williams, as a mortgage and security for said debt, and that the conveyances were by plaintiff and defendant intended as mortgages. Plaintiff pray judgment for amount of its claim, and for special execution against the property in question, with general execution for any deficiency against defendant.

The answer denies that the deeds were intended as mortgages, and alleges that they were absolute, and executed and received in full payment of the sum of $1,550. The cause was tried by the court, and judgment was rendered for plaintiff for the amount of their account less the price of the lots.

Thereupon plaintiff filed a motion to set aside the judgment and for a new trial on the ground that the judgment was contrary to law and the evidence. This motion was sustained and a new trial ordered. Defendant appeals.

*Paige & Clarke,* for appellant.

*Clinton, Hart & Brewer,* for appellee.

DAY, J.—On the 18th of December, 1868, defendant wrote plaintiff that he had sold a large piano, and also the No. 1 piano that he had to take back for want of holding tune, for city property valued at $1,550, and had caused the same to be deeded to plaintiff. The letter contains a long explanation, justifying the course taken by defendant, and proceeds as follows: "The deeds I have delivered for you to the banker and real estate agent N. P. Dodge, and put in market for sale; the lots are selected, good, valuable property and worth the full cost price, and will bring, next summer, two thousand dollars. I will herewith also pledge myself for every loss that might arise from it to you, if you wish it. N. P. Dodge will write to you in a few days." * * * * * "I have still on hand the No. 5, which I hope to sell right after New Year's, when I will let you have, right off, what I still owe you."

January 6th, 1869, plaintiff replied as follows: "We received in due time your kind favors of 8th and 18th of Dec., and also the advice of Mr. N. P. Dodge, about the receipt of both the deeds. We shall let Mr. Dodge sell the property and credit your account with the proceeds. We have instructed Mr. Dodge preliminary so to sell that it brings the cost price, $1,550, cash down or in a short time. We have done this for the purpose that at least no loss accrue to you, although the conveyance of the five lots to us is of no service to us, inasmuch as we need cash, and a sale could possibly not so soon be effected; meanwhile we hope that you will take all possible pains to make a remittance to us soon. We can assure you that we are extremely suffering from scarcity of money prevailing in the West, as we have our principal agencies in the West, and of course every one relies upon our indulgence, so that we have been obliged to take steps against several of them who have hardly imputed to our patience as just you."

This is all the correspondence directly between the parties,

which was introduced in evidence.   The most that can be said of it is that it does not conclusively determine the character of the conveyances.   It is competent to look to other evidence for the purpose of determining the intention of the parties. The remaining evidence is in conflict.   Gostyrus, who transacted the business on behalf of plaintiff, testifies that the copies of some of the letters written defendant have become illegible, but that there was no correspondence inconsistent with that above referred to.   He further testifies that the deeds were not executed at the request of plaintiff, but as a voluntary and unexpected act of the defendant, and that they were not received as part payment of defendant's indebtedness, but simply as a sort of security, the defendant proposing to have the property sold and the proceeds applied to his credit.

Upon the other hand, the defendant testifies that the trade of the pianos for the lots was made pursuant to authority before conferred by plaintiff, that nothing was said about security until after the commencement of this suit, and that the transfer of the lots was an absolute sale.

The evidence being thus conflicting, the judge who tried the case and determined the facts, was not satisfied with the result and granted a new trial upon plaintiff's motion.

The effect of this determination is not to stifle investigation, but to allow another inquiry into the facts, and a further hearing upon the merits.   In view of the fact that a discretion is wisely lodged with the judge trying a case, which should not be controlled except in a clear case of abuse, it is a constant practice in this court to refuse to disturb a ruling granting a new trial, even if we would have done the same thing had a new trial been denied.   *McKuy v. Thorington*, 15 Iowa, 25–29.   Se also *McNair v. McComber*, 15 Iowa, 368; *Whitney v. Blunt*, Id. 287.

1. PRACTICE: new trial.

A stronger case must be made to justify the interposition of this court, when a new trial has been granted, than when it has been refused.   *Shepherd v. Brenton*, 15 Iowa, 84–91; *Phelps et al. v. Hart*, Id., 596; *Ruble v. McDonald*, 7 Iowa, 90; *Newell v. Sanford*, 10 Id., 396; *Caffrey v. Groome*, Id.,

.548; *Alger v. Merritt*, 16 Id., 122. We discover nothing in the record, justifying our interference with the action of the District Court.

AFFIRMED.