TURNER v. POTTER.

1. **Estate**: LIABILITY ON PROMISSORY NOTE. Evidence considered and held insufficient to establish the liability of an estate upon certain promissory notes.

*Appeal from Des Moines Circuit Court.*

SATURDAY, JUNE 11.

THIS is an action upon six promissory notes. The following is a copy of one, the others being of about the same tenor and effect.

"$500.00          . BURLINGTON, Oct. 20, 1873.

"Three months after date we promise to pay Turner & Co. five hundred dollars, with interest at ten per cent.

" BURLINGTON & SOUTHWESTERN RAILWAY Co.

V. K. MOORE, A. TR."

It is averred in the petition and amendments thereto that the notes in suit are the individual notes of E. B. Ward, deceased, of whose estate the defendant Potter is executor. The grounds of such claim, briefly stated, are as follows: Prior to 1873 the Burlington Southwestern Railway Company had constructed its road from Burlington to Unionville, Missouri. Said company was insolvent. In September, 1873, the decedent, E. B. Ward, claiming to be lessee of said railway, took possession thereof, and thereafter operated and controlled it. Said company was indebted to plaintiff in a large sum of money upon note and account. After Ward took possession of the road plaintiff commenced an action against the railway company in Missouri, and seized a certain locomotive upon a writ of attachment as the property of the company; that said Ward by his agents claimed that he had leased said railway, but proposed if plaintiff would desist from attempting to subject said property so seized, and would extend the

time of payment of a portion of said debt, that he would then pay a portion thereof, and would assume and pay the residue; that plaintiff acceded to said proposition, and that thereupon the said Ward, by his agent Moore, executed the notes in suit, which were delivered as and for the notes of Ward, in the name and style used by him in transacting said business; that said Ward after taking possession of the road claimed to be lessee thereof, and held out to persons dealing with him and to the public that he was such lessee, and thereby caused plaintiff to believe that the notes in suit were signed in his name, used in his said business, and to bind him as lessee.

Issue was taken upon the petition and amendments thereto. There was a trial by jury. After both parties had introduced their evidence the court upon the motion of the defendant instructed the jury to return a verdict for the defendant. The plaintiff excepted and moved for a new trial. The motion was overruled, and judgment was entered on the verdict. Plaintiff appeals.

*P. Henry Smyth & Son*, for appellants.

*H. H. Trimble* and *E. S. Huston*, for appellee.

ROTHROCK J.—I. The contract under which the decedent Ward was in possession of the railroad is fully set forth in the case of the *United States Rolling Stock Company v. Potter*, 48 Iowa, 56, where it was held that said contract was not a lease, and that Ward was not individually liable upon an undertaking entered into by the company prior to his contract therewith. It follows that the plaintiff herein had no right of action against Ward for his claim against the company. All of the indebtedness originated before the contract was made. It is insisted, however, that the estate of Ward is estopped by the acts and declarations of the decedent from disputing liability upon the notes in suit. There certainly can be no estoppel arising from the form of the notes, for they do not purport to be the notes of Ward, but the obligations of

the railroad company. Neither can it be claimed that any estoppel arises by reason of the settlement and compromise of the attachment suit which was pending in the State of Missouri. That action was not brought upon the indebtedness upon which this suit is founded. It was upon other obligations of the railroad company. By the compromise the plaintiff was paid in full all he claimed in the suit, and the indebtedness now sought to be recovered, which was then in the form of an account, was by the compromise evidenced by the notes now in suit. The plaintiff, therefore, surrendered no right as to this indebtedness, by the compromise. The railroad company was then and is now insolvent, and the compromise of the action which was pending in Missouri placed plaintiff in no worse position with reference to this claim than he was before.

II. The notes purport to be the notes of the railroad company, and the estate of Ward is not liable thereon unless it be shown that Ward adopted the name of the railroad company under which to transact this business, and intended by giving the notes in this form to be individually liable thereon. Upon this question the burden of proof was on the plaintiff. The question for our determination is, was there such an absence of evidence tending to establish this issue as to justify the court in directing a verdict for the defendant, under the rule in *Muldowney v. I. C. R. R. Co.*, 32 Iowa, 176, *Way v. The same*, 35 Id. 585, and other cases in this court.

We have carefully examined the testimony of the witnesses as contained in the abstracts of the respective parties, and more especially the testimony of the plaintiff himself, and, without setting out the evidence here, we deem it sufficient to say that there is nothing in the record tending to show that in the transaction of this business Ward used the name of the railroad company to bind himself individually, nor intended to do so, or that he authorized any agent to sign the name of the railroad company for any other purpose than to bind the company. We do not understand from the evidence of

the plaintiff, as set out in the abstract and additional abstract, that any such representation was made to him. He was one of the station agents of the railroad company, and knew when he took the notes that they were executed in the name of the company.

We think the court did not err in directing a verdict for the defendant.

AFFIRMED.