J. A. VAN WAGENEN v. J. M. PARSONS, Appellant.

**Appeal:** REFEREE'S REPORT: *Review.* An order sustaining objections to a finding of fact by the referee has the effect of granting a new trial, and the action of the district court in granting or refusing a new trial is largely one of discretion.

SAME. The action of the trial court in sustaining exceptions to the finding of fact of the referee will not be disturbed on appeal, where the evidence was conflicting, although in the opinion of the appellate court the findings are supported by the evidence.

RULE APPLIED. Where the report of a referee was set aside, and a new trial granted, on a motion presenting several grounds, and it did not appear on which one or more of such grounds the order was based, an abuse of discretion was not shown by assignments of error directed to the different grounds of such motion and to the exceptions to such report, when the arguments were not so directed, but only dealt generally with the merits of the case.

*Appeal from Lyon District Court.*—HON. F. R. GAYNOR, Judge.

MONDAY, OCTOBER 10, 1898.

THE parties to this suit are attorneys at law, and were, prior to May 29, 1895, partners in the practice of their profession. This action is on a promissory note made by defendant to plaintiff March 30, 1896, for six hundred and thirty-five dollars, due June 30th thereafter. The execution of the note is admitted, and, as a defense, it is made to appear in the answer that at the settlement of the partnership affairs defendant paid to plaintiff the sum of two thousand three hundred dollars, and plaintiff retired, leaving defendant successor to all the rights of the firm, including its business and accounts. The answer shows that plaintiff had previously collected accounts due the firm without making the proper

credits therefor on the books of the firm; that he had made collections for different parties, and had not remitted the amounts, so that the firm was liable therefor; and that the defendant had been compelled to pay the same; and that plaintiff had placed on the books of the firm excessive charges for the purpose of swelling the accounts due the firm, with a view to defraud the defendant. The answer shows the aggregate of such items to be seven hundred and forty-seven dollars, and a judgment is asked for the excess over the amount of the note. A reply makes denials, and, with other facts, shows that after the settlement of partnership affairs the plaintiff brought a suit against defendant charging fraud in the settlement, and that "defendant in defense in that suit raised an issue in the testimony of the counterclaim in his answer here on file; and in the settlement of the original suit between these parties these items of counterclaim in this suit were all known to defendant, and taken into consideration, before and at the time of giving the note in suit." The reply further presents an additional claim for three thousand dollars because of accounts alleged to have been collected by defendant before the settlement, and not charged to him on the books of the firm. The case was given to a referee, who filed a report allowing a part of defendant's counterclaim, and finding a balance in favor of plaintiff for two hundred and ninety-two dollars and forty cents. On the coming in of the report the plaintiff filed four exceptions thereto, and then filed a motion to set the report aside, which the court sustained, and from such order the defendant appealed.— *Affirmed.*

*J. M. Parsons* pro se.

*Geo. H. Stillman* and *J. A. Van Wagenen* for appellee.

GRANGER, J.—We should not lose sight of the fact that this appeal is from an order in effect granting a new trial.

The court did, in terms, set aside the report of the referee, and grant a new trial. The law authorizes a new trial after a report of a referee. Code 1873, section 2837.

This is a law action, to be considered here on assignments of error. The only question for us to consider is, did the court err in making the order for a new trial? No judgment has been entered, and the order but subjects the issues to a re-examination. Section 2837, *supra*. The action of the district court in granting or refusing a new trial is largely one of discretion. *Donahue v. Lannan,* 70 Iowa, 73; *Pianoforte Co. v. Mueller,* 38 Iowa, 552; *Kern v. May,* 92 Iowa, 674. The holdings to the same effect are many. In the absence of an abuse of discretion, we do not interfere.

The motion upon which the ruling was made presents several grounds, and it does not appear on what one or more the ruling was based. For us to interfere, it must appear that there was an unjust exercise of discretion as to all of them, for, if any one comes within the court's discretion, we are concluded from interfering. The assignments of error are directed to the different grounds of the motion, and to the exceptions, but the arguments are not so directed, but are general, dealing with the merits of the case before the referee and the court. Our position may be clearer by stating some of the concluding language of appellant's argument: "The honorable judge who set aside the report of the referee was in a position analogous to that of an appellate court. He did not have the evidence. He did not have the witnesses before him. The referee sat as a judge. He heard the evidence. He observed the witnesses, and found the facts with defendant; and there is no reason why the report should be set aside, for it is amply supported by the evidence." Omitting the final statement, which is a mere conclusion, and conceding the other statements to be true, there is no abuse of discretion shown in awarding another hearing. Even our concurrence in the conclusion of appellant that the finding of the referee is supported by the evidence would not show an abuse of discretion, for the trial court might have thought differently with

the condition of the record such that differences of opinion might exist. The arguments leave out of consideration this discretionary authority of the court in awarding new trials, which, in our judgment, controls the case on appeal; and we do not, nor should we, consider questions going to the merits of the case, if a new trial is to follow. The order is AFFIRMED.