MERRILL *versus* PRESIDENT, DIRECTORS AND COMPANY OF THE SUFFOLK BANK.

The dissolution of a corporation, by act of the Legislature, deprives it of its corporate existence.

A judgment rendered against a corporation, after such dissolution, is erroneous.

If such a judgment has been satisfied out of the estate of one who had been a stockholder in the corporation, he is a privy in law to the judgment, and may, in his own name, without joining the co-stockholders, bring a writ of error to reverse it.

ERROR, to reverse a judgment of this court, rendered at the July term, 1841, in favor of the President, Directors and Company of the Suffolk Bank, against the President, Directors and Company of the Frankfort Bank. Plea, *in nullo est erratum.*

The writ, in the original action, was sued out and the said judgment was recovered thereon, after the charter of the Frankfort Bank had been revoked by act of the Legislature. The plaintiff was a stockholder in the Frankfort Bank, and his estate had been levied upon and taken to satisfy said judgment.

*A. Merrill*, for plaintiff in error.

*Appletons*, for defendants in error.

1. The plaintiff cannot maintain this process, because he was not a *party* to the judgment sought to be reversed. *Whitman* v. *Cox*, 26 Maine, 335.

2. The plaintiff was not *privy* to the judgment, *Suffolk Bank* v. *Frankfort Bank*. A stockholder cannot, in any known meaning of the word privy, be considered as *privy* to the judgments which may be recovered against the bank in which he owns stock.

3. The plaintiff is not a *cestui que trust.* The relation of *trustee* and *cestui que trust* does not exist between a stockholder and the bank.

The proposition to that effect, in *Oldtown Bank* v. *Houlton*, is a mere hasty remark and at variance with well settled law.

4. The plaintiff is not a *stockholder.* In the assignment of errors he alleges a *repeal of the charter*, &c., all which, as a comparison of dates will show, was before the action, *Suffolk Bank* v. *Frankfort Bank,* was brought. Of course, *if there was no bank, there was no stock*, and if no stock, there could be *no stockholder.*

The writ alleges he is and was a stockholder ; but if there was no bank in which to hold stock, he disproves his own allegation.

Nor was he a stockholder *in fact*, having, April 13, 1840, transferred his shares to B. Shaw, which was long before the original suit.

5. The rule is well settled, that *all parties* to a judgment must join in its reversal. The plaintiff in error is but one of many stockholders. If the judgment be valid, it might equally

have been levied on other stockholders' real estate, and they are all liable for contribution. All should have joined in this writ with him. If any refuse, they should be summoned and severed. *Andrews* v. *Bosworth*, 3 Mass. 253 ; *Gay* v. *Richardson*, 18 Pick. 417 ; *Tolleal* v. *Floyd*, 6 S. & R. 315 ; *Jaques* v. *Cisan*, 2 Saund. 101, d ; *Cromwell* v. *Andrews*, Yelv. R. 4.

6. The judgment being against a non-existent corporation is a *mere nullity*, and there is no need of reversing it. *Whitman* v. *Cox*, 26 Maine, 335 ; *Hildreth* v. *Thompson*, 16 Mass. 191.

7. A stranger to a judgment cannot sue out a writ of error. *Stul* v. *Budenbach*, 7 Watts & Ley. 150.

The plaintiff is a stranger to the judgments. 2 Saund. 46, n. 6.

SHEPLEY, C. J. — This is a writ of error brought by the plaintiff to reverse a judgment recovered by the Suffolk Bank against the Frankfort Bank. The writ alleges, that the plaintiff is a stockholder of the Frankfort Bank and that an execution issued on that judgment has been levied upon his estate.

The error assigned is, that the writ was sued out and the judgment rendered after the charter of the bank had been revoked by an act of the Legislature, and that there was no such corporation in existence as the Frankfort Bank at the time, when the judgment was recovered.

The plea *in nullo est erratum* operates as a demurrer and admits the facts stated and assigned for error.

The principal question presented is, whether the plaintiff is entitled to sue out a writ of error.

The act of March 29, 1836, c. 233, made the private property of the stockholders of a bank, liable to be attached and taken in a suit commenced against the bank by a holder of its bills, which had been presented and payment thereof delayed for more than fifteen days. The property of the plaintiff appears to have been taken by virtue of this provision, in sat-

isfaction of the execution issued on the judgment, which he seeks to reverse.

The rule, by which the ·court is to determine, who may sue out a writ of error, is stated to be, " the writ of error shall be brought by him, who should have the thing, for which the judgment is erroneously given, if the judgment had not been given." Viner's Ab. Error, k. pl. 1. No person can bring a writ of error, who is not a party or privy to the record or is prejudiced by the judgment. 2 Saund. 46, a. note 6 ; idem 101, e. note 1. The ·books do not all agree respecting the classes of persons, who may be comprehended under the term privies. They all admit, that there are privies in law as well as in blood and in estate. The examples of privity in law are. those of a personal representative of a deceased person, and those holding estates by escheat. ·There are, however, others named as authorized to sue out writs of error in that character. " A writ of error may be brought by him that is made party by law, though he was not originally party." Viner's Ab. Error, k. pl. 5. Vouchees are of this class. So " if the conusor of a statute aliens the land and execution is issued against the alienee, he may have a writ of error upon the execution." Viner's Ab. Error, k. pl. 17. But a quere is put in Viner, whether he could, " for he is not privy thereto, for the execution goes of the land of the conusor." Authority is then cited, sustaining the first position, " because he is ousted by the execution." This in principle, is closely analogous to the present case. The land was in that case taken by an execution issued on a judgment for the collection of a debt, and the land of one not a party to the judgment or execution was taken in satisfaction of the execution, the law authorizing it. Such is the position of the plaintiff.

Privies by law, having an interest in the judgment or in the property affected by it, were recognized as entitled to the writ in the case of Porter v. Rumery, 10 Mass. 68. In the case of Shirley v. Lunenburgh, 11 Mass. 384, a pauper not a party to the judgment, and whose rights were affected by it, was regarded as so connected with it, that he could main-

tain a writ of error. Those, who must be regarded as privies in law to a judgment can never be certainly determined by the law, as it was at any particular time ; for the law by legislative enactment may be often changed, making those privies in law to a judgment, who were not so before the enactment. When a statute makes provision, that the estate of a person not named as a party to the judgment may be taken to satisfy that judgment, and the estate is accordingly taken, it makes him a privy in law to that judgment. So the party in interest, not named in a suit commenced on a chose in action, in the name of the assignor, is a privy in law to the judgment rendered ; and it has been decided, that he may maintain a writ of error to reverse a judgment rendered against the nominal plaintiff. *Marr* v. *Hanna*, 7 J. J. Marshall, 642. The question now before the court was not presented or decided in the case of *Whitman* v. *Cox*, 26 Maine, 335, although there is a *dictum arguendo*, that one so situated could not maintain a writ of error.

It is insisted, that the plaintiff alone cannot maintain the writ. That all the other stockholders should be joined. But those cannot be regarded as entitled to the writ, who are not prejudiced by the judgment, and who would receive no advantage from its reversal ; and it does not appear, that there are other persons of that description.

It is true, that there can be no corporators without a corporation. The plaintiff's estate, however, has been taken by the defendants in error, on the ground, that he was a stockholder, and they cannot object, that he did not sustain that character. He is entitled to present himself in the character, in which he has been deprived of his estate. It is alleged in argument, that he had transferred his shares to another person, but there is no proof of it presented. A more satisfactory answer to the objection may be, that the act of March 29, 1841, revoking the charter, recognizes the continued existence of the stockholders and provides, that nothing therein shall be construed to absolve any of those, who are or have been corporators or members thereof from any existing liabilities, and

that any balance remaining, after the liabilities of the corporation have been discharged, shall be divided among the stockholders.

Error may be assigned on the death of a party before judgment. *Wilks* v. *Jordan*, Hob. 5.

The death of a defendant is not assignable for error, if the record states, that he appeared, for nothing can be assigned as error, which contradicts the record. *Plommer* v. *Webb*, 2 Ld. Raym. 1415. The statute of 17 Car. 2, chap. 8, provided that death between the verdict and judgment, should not be assigned as error. The counsel for the plaintiff speaks of an agreement to be defaulted in the original action, but the record does not exhibit any such agreement.

The dissolution of a corporation by act of the Legislature, deprives it of its corporate existence, and no legal judgment can be rendered against it. *Judgment reversed.*