## MORRIS GERMOND v. C. W. LITTLETON.

ERROR, *Immaterial.* An error which is wholly immaterial, and in no way prejudicial to the substantial rights of the party complaining, will be disregarded by the supreme court.

### *Error from Labette District Court.*

ACTION for false imprisonment, brought by *Germond* against *Littleton,* in the district court of Labette county. The case was tried, as appears from the case-made, on December 5, 1877, by the court with a jury, and a verdict for *Germond* against *Littleton* returned for $500 damages. On December 29, 1877, the court granted an order purporting to set aside a judgment rendered November 24, 1877. The plaintiff excepted, and to reverse that order he brings the case here for review.

*A. H. Ayres,* for plaintiff in error.

*L. C. True,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The first alleged error presented in the brief of counsel of the plaintiff in error is, that the order granting a new trial was erroneously entered, in this: that the case was not tried till December 5, 1877, yet the order purports to set aside a judgment rendered and entered November 24, 1877. Counsel say, " the order sets aside a fictitious judgment, without any motion, and grants a new trial; which is irregular and erroneous, because the former verdict is in full force."

Conceding this to be true, (and the "case-made" bears this construction,) then the error is an immaterial one, and does not prejudice the substantial rights of said plaintiff. If the trial and verdict actually had in December, 1877, have not been disturbed by the order for a new trial now complained of, the plaintiff has not been injured. If error was committed, the error was wholly immaterial. In this court all immaterial errors are disregarded, and a judgment or order will not be reversed therefor.

If we were authorized to treat the order granting a new trial as applying to the verdict of December 5th, we are inclined to believe the action of the trial judge should be affirmed. "New trials should be favored instead of being disfavored, whenever any question can arise as to the correctness of the verdict." (*Atyeo v. Kelsey*, 13 Kas. 216.)

As the counsel, under whose supervision the case-made has been prepared, and who brings such case here, insists that the verdict rendered in the case is in full force, and that the order objected to only vacates a supposed judgment, any further consideration of the reasons for reversing the order for a new trial is unnecessary.

The order of the district court setting aside a judgment alleged to have been entered November 24, 1877, will not be interfered with. Costs adjudged against the plaintiff in error.

All the Justices concurring.