## THE EAGLE CHAIR COMPANY V. S. H. KELSEY AND A. W. SIMPSON.

CORPORATION, *Dissolution of; Practice; No Error.* When a corporation has been legally dissolved, by expiration of the time limited for its continuance by the terms of its charter or articles of incorporation, during the pendency of an action in the name of the corporation, *held,* not error for the trial court, in its discretion, and in furtherance of justice, to refuse to enter judgment on a verdict in favor of the extinct corporation, and to set aside the verdict and grant a new trial, upon the payment of all costs by the defendants, although the existence of the corporation is not raised in the pleadings, and the expiration of the charter is proved by documentary testimony offered in behalf of the corporation.

### *Error from Atchison District Court.*

ACTION by *The Eagle Chair Company* against *Kelsey* and another, to recover $402.10, with interest, for certain chairs alleged to have been sold and delivered to defendants. Trial November 22, 1878, and verdict for plaintiff. On November 30, 1878, the defendants' motion for a new trial and the plaintiff's motion for judgment upon the verdict came on for hearing. The court overruled the motion for judgment, and sustained the motion for a new trial, but imposed as terms the payment by defendants of all costs which had then accrued in the case. The plaintiff excepted, and brings the case here. Other facts appear in the opinion.

*Greenlee & Jackson,* and *Tomlinson & Griffin,* for plaintiff in error:

No issue was raised as to the existence of the corporation. (Gen. Stat., ch. 80, § 108; 18 Kas. 266; 19 id. 206; 21 id. 181.)

The plaintiff has a right to maintain this petition in error, notwithstanding the expiration of its charter. (1 Wall. 24.)

After dissolution, a corporation has a prolongation of its existence in the nature of an administration of its estate. All rights under the defunct corporation are fixed at its dissolution; but it has a nominal existence for the purpose of

closing its concerns in the most convenient manner. (Angell & Ames on Corp., § 195, and note 2, p. 171.)

If a party contracts with a corporation, in the absence of fraud or bad faith he is generally estopped from denying the corporate existence. (Field on Corp., § 593, and authorities there cited.)

The existence of a corporation cannot be questioned collaterally. (62 Mo. 254.)

Dissolution does not extinguish debts. (65 Mo. 244.)

*Everest & Waggener*, for defendants in error:

1. When the charter of the company was introduced in evidence, it established a fact which abated the further prosecution of the suit in the name of the "Eagle Chair Company," in its own behalf, or in its name for the benefit of any person. The plaintiff company, upon the expiration of its charter, was as dead, in law, as a natural person who has ceased to exist. If this proposition be not correct, then, as stated in the case of the *Miami Exporting Co. v. Gano*, 13 Ohio, 270, "suits might be prosecuted in the name of a dissolved corporation by unauthorized persons, without right, against law, in violation of the rights of debtors, creditors and stockholders, and the court would remain in ignorance of the fact that they were performing the useless task of listening to a cause and rendering judgment which, in the end, would amount to a nullity for want of parties." See also 6 B. Mon. 599; 11 Miss. (3 S. & M.) 791; 31 Me. 57; 17 Ala. 761; 10 Ga. 9; 21 Miss. 157; 1 Lev. 237; 5 Humph. 38; 2 Kent's Com. 307; 20 Kas. 397.

A judgment for costs against A. W. Hester would have been a nullity, because he was not a party to the suit. ( 85 Pa. St. 33.)

2. Does it affirmatively appear from the record that the court below committed any error affecting the substantial rights of plaintiff by granting a new trial in said cause? The rule of law is well settled, that this court will require a much stronger showing of legal error or abuse of judicial

discretion before it will interfere when a new trial has been granted. than when it has been refused, for the very obvious reason that where a new trial has been granted an opportunity is afforded for another full and fair trial. (*Field v. Kinnear*, 5 Kas. 233, 238.) See also *Anthony v. Eddy*, 5 Kas. 127; 24 Iowa, 108, 400; 22 id. 541; 10 id. 396; 26 Ga. 164; 2 Cal. 348; 8 Ind. 252; 10 id. 485; 17 Cal. 285; 21 id. 413; 29 id. 615; 11 Kas. 121; 15 id. 112; 16 id. 130; 13 id. 212; 17 id. 166.

The opinion of the court was delivered by

HORTON, C. J.: On the 21st of June, 1877, the Eagle chair company, claiming to exist as a corporation under the laws of Indiana, filed ·its petition in the district court of Atchison county, to recover of Kelsey & Simpson $402.10, with interest, for certain chairs alleged to have been sold and delivered to defendants. On July 21st, 1877, the defendants filed their answer, admitting their partnership; second, denying indebtedness; third, alleging a contract with plaintiff, in July, 1876, a breach of same, and damages for the alleged breach. On the 28th of July, 1877, the plaintiff filed its reply to the answer, first denying allegations of new matter in the answer, and further setting up the facts of the transaction as claimed by plaintiff. On the 15th day of June, 1878, plaintiff filed its motion to substitute A. W. Hester as plaintiff, alleging that since the commencement of the action the account sued on had been transferred to him. On the 22d day of June, 1878, the motion came on for hearing, and the court adjudged that the action be continued in the name of the plaintiff, for the use and benefit of A. W. Hester. On the 22d day of November, 1878, the case was tried before the court with a jury. The jury returned a verdict for the Eagle chair company for $455. On the same day, the defendants filed a motion to set aside the verdict, and for a new trial, setting up all the statutory grounds. On November 30th, 1878, plaintiff filed a motion for judgment upon the verdict returned by the jury. On the same day,

the motions came on for hearing. The court overruled the motion for judgment, and sustained the motion for a new trial, but imposed as terms of the new trial the payment by the defendants of all costs which had then accrued. Plaintiff excepted, and brings the case here.

On the trial, the plaintiff introduced in evidence the articles of its incorporation. The purpose of this is unexplainable, as no issue was raised in the pleadings of the existence of the corporation, and such evidence was wholly immaterial. This testimony, however, called the attention of the court and of the defendants to a fatal point in the plaintiff's case, which was before probably unknown — at least, up to that time had not been mentioned. These articles of incorporation proved that the charter of the company expired in July, 1877, and prior to the day of trial. The articles are dated July 15, 1872, and the company was to exist for a term of only five years. As the plaintiff had ceased to exist as a corporation during the pendency of the action, the trial court committed no error in refusing to enter judgment on the verdict, or in granting a new trial. If we assume that the law in Indiana is the same as that of the state of Kansas, the plaintiff had no legal corporate existence at the date of the trial and verdict, and the only competent authority to be substituted as plaintiff, if the account had not been assigned before the dissolution, would have been the officers and managers of the corporation. If we assume that the common law is in force in Indiana, then upon the expiration of the charter of the plaintiff it ceased to exist for any purpose. *Krutz v. Paola Town Co.*, 20 Kas. 397; *Krutz v. Paola Town Co.*, 22 Kas. 725; *Merrill v. Bank*, 31 Me. 57; *Bank v. Wrenn*, 11 Miss. (3 S. & M.) 791. True, no issue was made in the case concerning the right of the plaintiff to maintain the action until the non-existence of the plaintiff was shown by the testimony, yet if the plaintiff had no existence, or had ceased to exist after the institution of the suit, no verdict or judgment in its favor would have been any bar to subsequent proceedings in the interest of rightful parties. Therefore, we think

the court, in its discretion and in the furtherance of justice, had the right to interfere even after the verdict. Perhaps the defendants ought to have applied for leave to amend their answer upon the first disclosure of the dissolution of the plaintiff, but as they were required to pay all the costs, they have suffered somewhat for their ignorance of the *status* of plaintiff and for their neglect. (*Field v. Kinnear*, 5 Kas. 233, 238; *Anthony v. Eddy*, 5 Kas. 127; *Atyeo v. Kelsey*, 13 Kas. 216; *Germond v. Littleton*, 22 Kas. 730; *Condell v. Savings Bank*, ante, p. 596.)

The order obtained by counsel to have the case continued for the use and benefit of A. W. Hester avails nothing, as the petition was not amended so as to show his connection with the suit in the pleadings. (*City of Atchison v. Twine*, 9 Kas. 350.) If it be contended that the non-existence of the corporation is immaterial, as the action was being prosecuted for the benefit of the assignee, then the question of the date of the transfer or assignment of the account becomes important, and is a fact upon which the defendants are entitled to take issue. If the assignment was made after the dissolution of the company, it may be of no value, perhaps void. If the assignment was made prior to the dissolution of the corporation, then A. W. Hester's interest in the account and the date of the transfer ought to have been alleged. It would seem desirable, in view of the condition of the case, that all the pleadings be amended before another trial, and the parties should set forth the facts as they claim them to exist.

The order and judgment of the district court will be affirmed.

All the Justices concurring.