## BARTRAM, HENDRIX & COMPANY *vs.* THE COLLINS MANUFACTURING COMPANY.

A corporation is not a person in law until after the grant of its charter. Therefore, where, pending the application for a charter, a summons of garnishment was sued out and served on one as the president of such corporation, it was void, and a judgment by default, also rendered before the grant of the charter, based on such summons, was likewise void, and could be attacked by affidavit of illegality. Code, §3536.

(*a.*) The members of the company cannot be held liable as partners under a summons directed to the company as a corporation.

October 24, 1882.

SPEER, Justice.

---

## MIZE, sheriff, *vs.* BAISDEN.

After a rule absolute against a sheriff has been obtained, before he can be attached for contempt, a rule *nisi* calling upon him to show cause why he should not be so attached, must be sued out and served on him,  57 *Ga.*, 24.

(*a.*) Where a rule *nisi* against a sheriff was sued out, calling on him to show cause why he should not pay over certain funds alleged to be in his hands, at the time such rule was made absolute, the court could not, without more, order that, in default of payment, the sheriff should be attached for contempt.

October 3, 1882.

CRAWFORD, Justice.

---

## HEARN *vs.* KING *et al.*

In an action of ejectment, a certified copy of a plat made by processioners and the county surveyor is *prima facie*, not conclusive, evidence of the true line between adjoining land owners.  Code, §2386.

October 10, 1882.

JACKSON, Chief Justice.