## MICHAEL SWORD v. W. Q. WICKERSHAM.

1. PRESUMPTIONS *as to Incorporators of Town Company.* Where the incorporators of a town company, who sign and acknowledge the charter thereof, designate themselves in the charter as "Citizens of Greenwood county, state of Kansas," and further state in the charter that they are "all of Salt Springs, Greenwood county, Kansas," and also state in the charter the object of the corporation to be "For the purpose of purchasing, locating and laying out a town site, and the sale and conveyance of the same in lots, subdivisions, or otherwise;" and afterward the charter is filed with the secretary of state; and afterward S., who was one of the incorporators, and who signed and acknowledged the charter, conveyed a piece of land to the town company; and there was no evidence tending to show that the persons who signed and acknowledged the charter were not citizens of the state of Kansas, or that the corporation was not fully and completely organized: *Held,* That as against S., it will be presumed that the corporate members were citizens of the state of Kansas, and that the corporation was fully and completely organized.

2. CORPORATION—*Claim of Dissolution, Untenable.* The corporation was by its charter to continue in existence for the period of five years. Five years elapsed, and then S. commenced an action against the corporation and others to recover the land which he had formerly conveyed to the corporation, claiming that the corporation had been dissolved by lapse of time, and that the land had reverted to him. *Held,* Under ¿ 42 of the act of 1868, relating to corporations, (Comp. Laws of 1879, p. 223,) that such claim is not tenable.

### *Error from Greenwood District Court.*

AT the May Term, 1881, of the district court, defendant *Wickersham* had judgment against plaintiff *Sword,* who brings the case here. The opinion states the facts.

*T. J. Hudson,* for plaintiff in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in the nature of ejectment, brought by Michael Sword against W. Q. Wickersham, to recover the possession of ten acres of land. The case was tried by the court below without a jury, and judgment was rendered in favor of the defendant and against the plaintiff

for costs. The plaintiff now brings the case to this court for review. It appears from the evidence introduced on the trial of the case, that the plaintiff originally owned the land in dispute, but that on May 9, 1873, he with his wife conveyed the same by deed of general warranty to the Salt Springs town company, of Greenwood county, Kansas; that on November 29, 1873, the town company conveyed the land to J. B. Clogston; that on February 23, 1875, Clogston and wife conveyed the land to James F. Rawson; and that on May 17, 1877, Rawson and wife conveyed the land to the defendant W. Q. Wickersham, who is now in possession of the premises, claiming the same as his own.

The first point made by the plaintiff is, that the Salt Springs town company never had any legal or valid existence; and this is claimed upon the ground that the charter of such company is void upon its face; and this latter claim is made upon the ground that the charter does not sufficiently show the purpose for which the corporation was formed, and does not sufficiently show that three of the persons who signed and acknowledged the charter of incorporation were citizens of the state of Kansas. The plaintiff also claims that, even if the corporation ever had any legal or valid existence, its evistence has terminated by lapse of time, and that the property in controversy has reverted to the plaintiff. The charter of incorporation reads as follows:

"SALT SPRINGS, April 14, 1873.

"We, the undersigned, citizens of Greenwood county, state of Kansas, organize ourselves into a company for the purpose of purchasing, locating and laying out a town site, and the sale and conveyance of the same in lots and subdivisions, or otherwise.

"The corporation shall be known as the Salt Springs town company.

"The business of said company shall be transacted at the town of Salt Springs, situated on a part of sections 12 and 13, township 28, S., of range 12, east, containing twenty acres.

"Said corporation shall exist for the period of five years.

"Said company is organized with five directors. Directors' names for the first year: G. B. McLeran, John Gage, John

Riley, M. Sword, J. B. Clogston — all of Salt Springs, Green-wood county, Kansas.

"Capital stock of company, $1,500; divided into thirty shares.

D. C. AYLESWORTH.

M. SWORD.

G. B. McLERAN.

JOHN O. RILEY.

G. S. HOLDER.

"Personally appeared before me, a notary public in and for Greenwood county, Kansas, D. C. Aylesworth, G. B. McLeran, M. Sword, and acknowledged the foregoing corporation to be their voluntary act and deed.

[Seal.]          J. B. CLOGSTON, *Notary Public.*"

This charter was filed in the office of the secretary of state, at Topeka, Kansas, on April 17, 1873; and as above stated, the plaintiff and wife conveyed the land in controversy to the Salt Springs town company, on May 9, 1873.

Sections 6, 8 and 42 of the act of 1868, relating to corporations, read as follows:

"SEC. 6. A charter must be prepared setting forth: *First,* the name of the corporation; *second,* the purpose for which it is formed; *third,* the place or places where its business is to be transacted; *fourth,* the term for which it is to exist; *fifth,* the number of its directors or trustees, and the names and residences of those who are appointed for the first year; and *sixth,* the amount of its capital stock, if any, and the number of the shares into which it is divided."

"SEC. 8. The charter of an intended corporation must be subscribed by five or more persons, three of whom at least must be citizens of this state, and must be acknowledged by them before an officer duly authorized to take acknowledgments of deeds."

"SEC. 42. Upon the dissolution of any corporation already created by or under the laws of this state, unless a receiver is appointed by some court of competent authority, the president and directors, or managers of the affairs of the corporation, at the time of its dissolution, by whatever name they may be known in law, shall be trustees of the creditors and stockholders of such corporation, with full power to settle the affairs, collect the outstanding debts, and divide the moneys and other property among the stockholders, after paying the debts due and owing by such corporation at the time of its

dissolution, as far as such money and property will enable them; and for this purpose they may maintain or defend any judicial proceeding." (Comp. Laws, 1879, pp. 217, 223.)

It will be seen from the foregoing charter that the persons signing and acknowledging the same designated themselves as "citizens of Greenwood county, state of Kansas," and further stated that they were "all of Salt Springs, Greenwood county, Kansas;" and they also stated the object of the corporation to be "for the purpose of purchasing, locating and laying out a town site, and the sale and conveyance of the same in lots and subdivisions, or otherwise;" and the plaintiff, Michael Sword, signed and acknowledged this charter, thereby admitting its truthfulness and the correctness of its statements. Therefore, the points made by the plaintiff against the charter we think are not well founded.

As before stated, this charter was filed with the secretary of state on April 17, 1873, and the plaintiff with his wife executed a deed of conveyance for the land to the town company on May 9, 1873, thereby admitting the legal existence of the town company, and that its organization had been fully and completely effected. There was no evidence tending to show that the town company had not been fully and completely organized. It will also be seen that, by virtue of the provisions of §42 of the act relating to corporations, upon the dissolution of any corporation, property belonging to it does not revert to the original owner of the property, but it is either placed in the hands of a receiver, or goes into the hands of the president and directors, or managers of the affairs of the corporation, for the purpose that the affairs of the corporation may be settled and the debts paid, and the property distributed among the stockholders of the corporation. Hence, even if the town company had not conveyed away the property in dispute to Clogston or others, still it would not revert to the plaintiff, but after paying the debts of the corporation, would go to the stockholders thereof.

We suppose that the deeds from the town company to Clogston, and from Clogston to Rawson, and from Rawson

to the defendant, are legal and valid; but it is not necessary to enter into a consideration of their validity or invalidity, for whether they are valid or invalid, the plaintiff has no right to recover in this action. All his title to the property in controversy passed from him on May 9, 1873, and so far as the evidence shows, no portion of the title to any part of the property in controversy has ever passed back again to him.

The judgment of the court below will therefore be affirmed.

All the Justices concurring.