### LOGAN *v.* THE WESTERN & ATLANTIC RAILROAD CO.

1. When not checked by contract, the legislature may vary by a special law any of the privileges, powers, rights, duties or obligations of a particular corporation except such as by an existing general law are common to all corporations. But provisions applicable alike to all must remain applicable to each until they are changed by a general law. Hence, with section 1679 of the code in full force, which declares that all corporations have the right to sue and be sued, to have and use a common seal, to make by-laws, to receive donations, to purchase and hold property necessary for the purpose of their organization, and to do all acts nec-

essary for the legitimate execution of this purpose, the legislature cannot hinder the charter of a business corporation from expiring and the corporation from being dissolved, by enacting a special law declaring that the charter be continued in force for the purpose of terminating suits and litigation pending against the corporation at the time of the expiration of its charter, and forbidding that the corporate existence should be construed as extended for any other purpose. A legal entity with no right or power but that of defending itself against pending actions is not a living corporation.

2. By an existing general law (Code, §1684), every corporation is dissolved by expiration of its charter. As the constitution declares that laws general in their nature shall have uniform operation throughout the State, the Western and Atlantic Railroad Company was dissolved when its charter expired.

3. Existing general laws provide for enforcing the rights of creditors against corporations both before and after dissolution; and the constitution inhibits the enactment of any special law in a case provided for by an existing general law.

4. A writ of error pending in the Supreme Court against a corporation when its charter expires will be dismissed on motion.

July 13, 1891.

Practice in Supreme Court.    Corporations.

Reported in the decision.

J. M. NEEL, T. C. MILNER and GLENN & MADDOX, for plaintiff.

JULIUS L. BROWN, O. N. STARR and R. J. McCAMY, for defendant.

SIMMONS, Justice.

When this case was called, a motion was made to dismiss it on the ground that the charter of the Western and Atlantic Railroad Company had expired on the 27th of December, 1890. The motion was resisted, because, it was said, the legislature had passed an act which was approved December 26th, 1890, continuing the charter in force for the purpose of terminating suits and litigation pending against the corporation at the time of the expiration of its charter. Counsel for the movant contended that the act was unconstitutional.

The head-notes in this case will fully explain the

views of the court, and are so full and exhaustive that I deem further elaboration unnecessary. All that need be added, for a clear understanding of the case, is the language of the .code, §§1679, 1684, 1688, and of the act of 1890.

Section 1679 is as follows: " All corporations have the right to sue and be sued, to have and use a common seal, to make by-laws binding on their own members, not inconsistent with the laws of this State and of the United States, to receive donations by gift or will, to purchase and hold such property, real or personal, as is necessary to the purpose of their organization, and to do all such acts as are necessary for the legitimate execution of this purpose." .

Section 1684 is as follows: "Every corporation is dissolved—1st, by expiration of its charter; 2d, by forfeiture of its charter; 3d, by a surrender of its franchises; 4th, by the death of all its members without providing for a succession."

Section 1688 is as follows: " Upon the dissolution of a corporation, for any cause, all of the property and assets of every description belonging to the corporation shall constitute a fund—first, for the payment of its debts, and then for equal distribution among its members. To this end the superior court of the county where such corporation was located shall have power to appoint a receiver, under proper restrictions, properly to administer such assets under its direction."

The act of 1890 is as follows:

" An act to extend the charter of the Western and Atlantic Railroad Company for purposes of litigation.

"Section 1. Be it enacted, etc., that the charter of the Western and Atlantic Railroad Company, approved October 24th, 1870, shall be continued of full force and effect as to such suits and litigation as may be pending against it at the time of its expiration, as though such

expiration had not occurred, and the assets of the company shall be subject to such final judgment as may be recovered in such litigation, and the Western and Atlantic Railroad Company is empowered to make any and all the defences to such litigation as it might have made before such expiration; that nothing in this act shall be construed to extend the existence of said corporation for any other purpose than that of continuing till its close the litigation referred to in this section.

"Section 2. Be it further enacted, that all laws and parts of laws in conflict with this act be and the same are hereby repealed."      *Writ of error dismissed.*