INSURANCE COMMISSIONER *vs.* UNITED FIRE INSURANCE CO.

PROVIDENCE—FEBRUARY 1, 1901.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Insurance. Receivers. Judgments.*

Where an action was commenced in the courts of another State against a domestic insurance company, and, pending the action, a judgment of dissolution was pronounced and a receiver appointed under Gen. Laws R. I. cap. 181, §§ 4–11, the judgment subsequently rendered against the company was without legal effect and not binding upon the receiver.

(2) *Receivers. Judgments.*

From the time of the entry of the decree the receiver was clothed with the authority which the corporation previously possessed with regard to the management of its affairs for the purpose of winding it up, and any agreement made by the corporation or its counsel subsequently to that time in submitting to the entry of a judgment against the corporation was void.

PETITION FOR INSTRUCTIONS.   The facts are fully stated in the opinion.

TILLINGHAST, J.   This is a petition for instructions by the receiver of the defendant corporation.   It sets out that in the report of the former receiver in the case a claim against the defendant company for $900 in favor of Edward E. Elstun, administrator, is referred to as a claim on file with the company, and resisted and disallowed by said former receiver, and upon which no suit had then been brought ; that on the 3d day of May, 1900, however, the petitioner received a circu-

lar letter from the American Surety Company of New York, stating that a judgment for $1,090.44 had been entered against the United Mutual Insurance Company (which was the name of this defendant at the time of the issuing of the policy under which the loss occurred) in favor of Edward E. Elstun, and that said surety company would be glad to entertain an application to furnish bonds on appeal, etc. The petitioner thereupon made an examination into said claim, which disclosed the following facts with relation thereto : That the statement in said former receiver's report that the claim was one upon which no suit had been brought was based upon information given him by the officers of said company. An examination of the correspondence of said company, however, from and after the time of. the happening of the loss upon which this claim was based, disclosed the fact that suit had been brought by said Elstun, administrator, against one or more companies in New York, and that the officers of this company, in order to avoid a suit here, finally consented that one George Holmes, an attorney in New York city, should be authorized to accept service there in the suit against this company and to enter into a stipulation to abide by the result of a case against one James W. Patteson, which had been agreed upon as a test case ; that in pursuance of said arrangement a suit was brought against said company in New York by the service of summons and voluntary appearance of the defendant on October 27, 1897; that on January 17, 1898, prior to the receivership, a stipulation was entered into that said case should abide the result of the aforesaid test case ; that on the first day of May, 1900, nearly two years after the appointment of a receiver of the defendant corporation, said Holmes made affidavit that he was the duly authorized attorney of the defendant to make offer of judgment in said case, and therein did offer to submit to judgment for the plaintiff therein for the sum of $900 with interest from October 22, 1896, but without costs, which offer was duly accepted by plaintiff's attorney, and thereupon, on the second day of May, 1900, judgment was entered against said company for the sum of $1,090.44.

The petitioner further represents that on or about the second of December, 1899, he received a letter from said Elstun inquiring upon what grounds said claim had been disallowed, but making no mention of any pending suit thereon, and that he never had any notice of the pendency of such a suit before the entry of said judgment, unless such notice can be construed to have arisen from a letter to him from one W. J. Howey, an attorney at law in New York city, dated January 17, 1900, entitled "*Re Elstun & Peters* v. *J. W. Patteson*," stating in substance that the defence in that case had applied for an open commission, which would entail large expense, and that a payment of the sum of $600 would be required from the petitioner to cover the costs and disbursements in connection with the defence, and that unless he heard from petitioner on or before January 22 he would assume that he did not care to go to that expense and would allow judgment to be entered against Mr. Patteson for the full amount if he could not effect any better compromise ; that the petitioner, relying upon the statement in said former receiver's report—that no suit had been brought against this company upon said claim—gave this letter no further attention until the receipt of the notice of May 3, above referred to.

Upon the foregoing facts the petitioner asks the instruction of the court as to whether or not the judgment obtained in the Supreme Court of New York against this company in favor of said Elstun, administrator, is valid and binding upon this receiver ?

(1)    The record of the case shows that the decree of this court declaring the charter of the defendant company forfeited and enjoining it from transacting any further business, and also appointing a receiver thereof, was passed on July 2, 1898. This action was taken in pursuance of Gen. Laws R. I. cap. 181, §§ 4–11. It appears from the report of the former receiver, as well as from the facts set forth in the petition now before us, that long before the judgment was entered against the defendant corporation in New York said Elstun had knowledge that the company had passed into the hands of a receiver, but took no steps whatever to have the receiver

made a party to the suit pending upon said claim or to have a receiver appointed in New York. *Sedgewick* v. *Cleveland*, 7 Paige Ch. 290 *et seq.* The law is thus stated in *Requa* v. *Holmes*, 16 N. Y. 196 : "When a defendant voluntarily transfers the subject of an action *pendente lite*, the assignee takes title subject to the result of the litigation, and is bound thereby, but his interest is represented by his assignor, who remains a party to the action ; but where the transfer is *in invitum*, or by operation of law, as in case of bankruptcy, the action becomes thereby defective, and the assignee or person who succeeds to the interest of the defendant must be brought before the court before any proceedings can be had in the action."

Moreover, it seems to be well settled that where the proceeding is a statutory one, as is the case here, and it is instituted to dissolve the corporation and wind up its business, and a judgment of dissolution or forfeiture is pronounced and a receiver appointed, it works an abatement of all pending actions against the corporation ; and, unless revived under some statutory remedy, all further proceedings against the corporation are void. Smith on Receiverships, 374. At the time when the judgment referred to was entered, the defendant corporation had no longer any legal existence or capacity either to sue or be sued, nor had it any property which could be subjected to a judgment rendered against it. In other words, it was defunct by operation of law, and hence no judgment could legally be rendered against it any more than a judgment could be rendered against a person after his decease. *Greeley* v. *Smith*, 3 Story, 657; *Mumma* v. *Potomac Co.*, 8 Peters, p. 286. Gluck & Becker on Receivers, 25-6 and note 2.

(2)   From the time of the entry of said decree, the receiver was clothed with all the authority which the corporation previously possessed with regard to the management of its affairs for the purpose of winding it up (see *De Wolf* v. *Sprague*, 11 R. I. 380 ; *Whipple, Receiver,* v. *Babcock*, 18 R. I. 611; *Evans, Receiver,* v. *Pease*, 21 R. I. 187), and any agreement made by the corporation or its counsel subsequent to

that time was absolutely void and of no effect.    *Merrill* v. *Suffolk Bank*, 31 Me. 57; *Thornton* v. *Railway Co.*, 123 Mass. 32; *Remington & Son* v. *Samana Bay Co.*, 140 Mass. 494; *Ingraham* v. *Terry*, 11 Humph. 572.    It follows, there-fore, that the judgment in question, having been recovered after the dissolution of the defendant corporation and the ap-pointment of a receiver, is not valid and binding as against him.

*William J. Brown*, receiver, *pro se.*