## VENABLE BROTHERS *v.* SOUTHERN GRANITE COMPANY.

1. The dissolution of a corporation by the expiration of its charter, pending a suit against it, abates the action. The acts of the two persons in this case who owned all of the stock of the defendant corporation, in continuing to defend the suit after the expiration of its charter, did

not prevent the abatement of the suit because of the expiration of the defendant's charter, and authorize the plaintiffs to proceed to judgment against the defendant as a corporation de facto or a corporation by estoppel.

2. There being no defendant to the action in the court below, after the dissolution of the defendant corporation by the expiration of its charter, it follows that there was no party which could be made defendant in error to the bill of exceptions filed by the plaintiff; and therefore the writ of error must be dismissed.

DECEMBER 15, 1910.

Abatement of suit. Before Judge Roan. DeKalb superior court. September 7, 1909.

*James L. Key,* for plaintiffs. *Albert H. Cox,* for defendant.

FISH, C. J. Venable Brothers brought an action against the Southern Granite Company. It does not appear from the record when the suit was instituted, nor what was the alleged cause of action. It does appear that the charter of the defendant corporation expired in June, 1906. Subsequently thereto the plaintiffs amended their petition, and a demurrer to the petition as amended was filed by the attorney who had previously represented the corporation. The demurrer was overruled, and upon writ of error to this court, sued out in the name of the corporation, the judgment was affirmed. Afterwards, when the case came on for trial in the superior court, it was, upon motion of counsel purporting to represent the defunct corporation, referred to an auditor. The auditor having heard the case and made his report, and exceptions having been filed thereto by such counsel, these exceptions came on for a hearing; whereupon such counsel filed a motion to abate the action, on the ground that the charter of the defendant corporation had expired by limitation on June 30, 1906 (which appears to have occurred pending the suit), and that there had never been any renewal or extension of the charter. This motion was supported by evidence which was not disputed. It also appeared from the evidence, that all of the stock of the defunct corporation was owned by two named persons, who had paid from the corporation's assets the fees of the attorney representing it and had given direction as to the defense of the action, and that they had sold some of the property of the corporation after the expiration of its charter. The presiding judge granted an order abating the action, and holding "that the Southern Granite Company was not, as to this case, a corporation de facto and was not a corporation by estoppel." To

this order the plaintiffs filed a bill of exceptions, upon which counsel who had represented the defendant corporation in the action prior to its dissolution, and who had continued to defend the action after the expiration of the charter, acknowledged service as "attorney of record for the Southern Granite Company, defendant."

A corporation is an artificial person created by law for specific purposes, and the limit of whose existence, powers, and liberties, is fixed by its charter. Civil Code, § 1831. Every corporation is dissolved by the expiration of its charter. Ib. § 1882. "When a corporation expires by limitation of time, . . it can no longer prosecute or defend an action, in the absence of some saving provision in its governing statute. An action can no more be prosecuted against a dead corporation than against a dead man. In such a case the opposing party suggests the death of the corporation, and upon the fact being admitted or proved the suit abates, just as an action for an injury to the person abates on the suggestion of the death of the defendant, unless there is a saving statute allowing it to be revived against his legal representative." 10 Cyc. 250; 1 Clark & Marshall on Corp. 247; 1 Thomp. Corp. § 243. In *Logan* v. *W. & A. R. Co.,* 87 *Ga.* 533 (13 S. E. 516), a writ of error pending in the Supreme Court against a corporation when its charter expired was dismissed, on the ground that after the expiration of its charter the corporation was no longer a legal entity.

Upon its dissolution for any cause, all the property and assets belonging to the corporation constitute a fund, first, for the payment of its debts, and then for equal distribution among its members. Civil Code, § 1886. If a corporation is not a person in law until after the grant of its charter, and no valid judgment therefore can be rendered against it until after its incorporation, as was held in *Bartram* v. *Collins Mfg. Co.,* 69 *Ga.* 751, and *Rau* v. *Union Paper Mills Company,* 95 *Ga.* 208 (22 S. E. 146), it seems clear that as the dissolution of a corporation is complete upon the expiration of the term limited by the charter for its existence, there being then no longer any law under which it can exist (Civil Code, § 1882, par. 1, 1 Clark & Marshall on Priv. Corp. 427, 1 Thomp. Corp. § 243), no valid judgment can be rendered against it after the expiration of its charter. It has been held in many cases that if a corporation becomes extinct pending a suit to which

it is a party, the suit thereby abates as to such corporation, and any judgment thereafter rendered against it is a nullity, unless some provision is made for the further prosecution of the suit by the laws of the State in which the suit is pending. Eagle Chair Co. v. Kelsey, 23 Kans. 632; Bank of Galliopolis v. Trimble, 6 B. Mon. 599; Merrill v. Suffolk Bank, 31 Me. 57 (50 Am. D. 649); Thornton v. Marginal Freight R. Co., 123 Mass. 32; McCulloch v. Norwood, 58 N. Y. 562; Sturges v. Vanderbilt, 73 N. Y. 384; Sturges v. Drew, 11 Hun. 136; Matter of Norwood, 32 Hun, 196; Dobson v. Simonton, 86 N. C. 492; White v. Campbell, 5 Humph. 38. See also Krutz v. Paola Town Co., 20 Kans. 397; Paola Town Co. v. Krutz, 22 Kans. 725; Sword v. Wickersham, 29 Kans. 746.

The two persons who owned all the stock of the defendant corporation, the Southern Granite Company, were separate and distinct from the corporation, even before it ceased to exist by the expiration of its charter (*Exchange Bank* v. *Macon Construction Co.*, 97 *Ga.* 1 (25 S. E. 326, 33 L. R. A. 800); *Waycross etc. R. Co.* v. *Offerman etc. R. Co.*, 109 *Ga.* 827 (35 S. E. 275)); and their acts, after the expiration of the charter of the Southern Granite Company, in continuing to defend the suit, as set forth in the statement of facts already given, did not operate to make the dead corporation a corporation de facto, or a corporation by estoppel, so as to authorize the plaintiffs to proceed to judgment against it. 1 Thomp. Corp. § 243; 1 Clark & Marshall on Corp. 247; 10 Cyc. 250.

The remedy provided by the Civil Code, § 1886, to creditors of the corporation which has been dissolved for any cause, is to have a receiver appointed to administer its assets under the direction of the court, its debts to be first paid, and the balance if any, distributed among its shareholders.

As, after the dissolution of the defendant corporation by the expiration of its charter, there was no defendant to the case in the court below, it follows, of course, that there was no party defendant to that action which could be made defendant in error to the bill of exceptions filed by the plaintiffs. Therefore the writ of error must be dismissed for the want of a party defendant in error. *Logan* v. *W. & A. R. Co.*, supra.

*Writ of error dismissed. All the Justices concur.*