B. F. JOEL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

L. B. JOEL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 6801, 6802. Promulgated January 3, 1928.

*Arthur Heyman, Esq.,* for the petitioners.
*M. N. Fisher, Esq.,* for the respondent.

OPINION.

Marquette: The only issue in this proceeding is whether or not the petitioners received a liquidating dividend from the Bass Dry Goods Co. in the year 1920. The petitioners contend that the corporation was dissolved by operation of law on March 13, 1917, and that the business was conducted by them as a partnership after that date. The respondent urges on the other hand that during the period March 13, 1917, to January 31, 1920, the business was either continued as a corporation or was an association, and is therefore taxable as a corporation under section 1 of the Revenue Act of 1918, which provides that—

The term "corporation" includes associations, joint stock companies, and insurance companies.

There can be no question that the corporate life of the Bass Dry Goods Co. ended on the 13th day of March, 1917. The charter, as granted March 13, 1897, limited the life of the corporation to 20 years from that date. A corporation exists only by permissive grant from the sovereign State and its powers and privileges are determined by that grant. The laws of such sovereign State, so far as they are applicable, are an implied part of the contract granting the franchise. The statutes of Georgia provided:

Every corporation is dissolved, (1) by expiration of its charter * * *. Sec. 2241, Georgia Code.

The courts of that State have held that where a corporate franchise expires by limitation the corporation is then and thereby de-

funct and no longer exists either *de facto* or by estoppel. See *Venable Bros.* v. *Southern Granite Co.*, 135 Ga. 508; 69 S. E. 822; *Logan* v. *W. & A. R. R. Co.*, 87 Ga. 533; 13 S. E. 516; *R. R. Co.* v. *City Council of Augusta*, 100 Ga. 701; 28 S. E. 126. Section 2823(i) of the Georgia Code provides that:

Sec. 2823(i). Method of Reviving Charters.

In all cases where a charter of any corporation, incorporated by an act of the legislature or by a certificate of the Secretary of State or the State of Georgia, or by any superior court of this state, has expired, and such corporation has continued in business in ignorance of such expiration, said charter may be revived * * * at any time within five years from the date of such expiration.

It will be noted that such revivor may be had when the " corporation has continued in business in ignorance of such expiration." In the present case both petitioners, who were the only stockholders in the company, knew that the corporate charter had expired; knew it at the time, or shortly thereafter. Having continued the business with full knowledge of such expiration of the charter, they would be barred, apparently, from seeking any renewal of that charter under the statute. We are therefore of the opinion that the corporation ceased to exist on March 13, 1917, and that on that date the title to its assets passed to the petitioners, subject to the corporation's debts, under section 2245 of the Georgia Code, which is as follows:

Upon the dissolution of a corporation, for any cause, all of the property and assets of every description belonging to the corporation, shall constitute a fund, first—for the payment of its debts and then for equal distribution among its members. To this end the superior court of the county where such corporation was located, shall have power to appoint a receiver, under proper restrictions, properly to administer such assets under its direction.

It is true that a business may be a partnership under the laws of a State and still be, within the meaning of the revenue acts of the United States, an association taxable as a corporation. *Burk–Waggoner Oil Association* v. *Hopkins*, 269 U. S. 110. That, however, is a rule of taxation and not a rule of property. Regardless of the manner in which the income of the business in question for the period March 13, 1917, to January 31, 1920, may be taxed by the United States, the property rights in the assets were fixed by the laws of Georgia and under those laws the Bass Dry Goods Co. ceased to exist as a corporation on March 13, 1917, and the title to its assets immediately vested in the petitioners as the sole stockholders, subject to its debts; and if there was any taxable gain accruing to the petitioners as the result of the dissolution, it was received at the date of dissolution and not in 1920. It may be, as contended by the respondent, that the petitioners so conducted the business from March 13, 1917, to January 31, 1920, as to subject it to taxation as a corpora-

tion, but since we hold that the liquidating dividend, which is the only item in dispute here, was received by the petitioners in 1917, it is not necessary for us to decide whether subsequent to that date the business was conducted as a partnership or as an association.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by PHILLIPS AND MILLIKEN.