GEORGIA STEVEDORING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 95667. Promulgated September 29, 1939.

*T. J. O'Brien, C. P. A.*, for the petitioner.
*E. M. Woolf, Esq.*, for the respondent.

OPINION.

ARUNDELL: The respondent has moved to dismiss for lack of jurisdiction. It appears from the pleadings that the petitioner, a Georgia corporation, was dissolved in 1936. The deficiency notice was mailed June 30, 1938, and petition was filed with the Board on September 28, 1938.

Seemingly at one time the dissolution of a Georgia corporation had the effect of wholly extinguishing the corporation, there being no provision for its continued corporate existence for any purpose. *Venable Brothers* v. *Southern Granite Co.*, 135 Ga. 508; 69 S. E. 822, decided in 1910. Were that the situation today, the petition filed in this proceeding would be a nullity and would not invoke the jurisdiction of the Board. *Estate of S. S. Hunter, Inc.*, 26 B. T. A. 259; *Standifer Construction Corporation* v. *Commissioner*, 78 Fed. (2d) 285. But in 1918 the following provision was added to the Georgia corporation statutes:

Effect of dissolution as to causes of action and pending suits.—The dissolution of a corporation either as a result of the expiration of its charter, or for

any other cause, shall not bring about its total extinction nor operate to extinguish any demand or cause of action against it in favor of any person whomsoever, whether arising from contract or tort, nor shall such dissolution work the abatement of any suit pending against it at the time of such dissolution, but all such pending suits may be prosecuted and enforced to a conclusion as though such corporation were still undissolved. [Acts 1918, p. 136; § 2246 (a), Park's Annotated Code, 1922 Supp.; Code, § 22–1210.]

Since the enactment of the quoted statute the Georgia courts have refused to dismiss suits against dissolved corporations on the ground of non-existence of the defendant. *Dixie Manufacturing Co.* v. *Ricks*, 153 Ga. 364; 112 S. E. 370; *Huey* v. *National Bank of Fitzgerald*, 177 Ga. 64; 169 S. E. 491; *Manufacturing Lumbermen's Underwriters* v. *South Georgia Railway Co.*, 196 S. E. 244. In the *Dixie Manufacturing Co.* case, that company was sued in a tort action. It sought to introduce evidence that it had been dissolved prior to the institution of the suit. The trial court refused to receive the proffered evidence and was sustained on this point by the Supreme Court of the state in this language:

The act of 1918 (Acts 1918, p. 136) provides that the dissolution of a corporation, either as the result of the expiration of its charter or for any other cause, shall not bring about its total extinction, nor operate to extinguish any demand or cause of action against it in favor of any person whomsoever, whether arising from contract or tort, nor shall such dissolution work the abatement of any suit pending against it at the time of such dissolution, but all such pending suits may be prosecuted and enforced to a conclusion as though such corporation were still undissolved. The act further provides that suits for the enforcement of any demand or cause of action due by such corporation may to a like extent be instituted and enforced against it in any court having jurisdiction thereof at the time of its dissolution, etc. Therefore the trial court did not err in declining to allow movants to introduce in evidence the original order of the superior court, granted April 16, 1919, dissolving the Dixie Paper & Box Company as a corporation, more than four months before the filing of plaintiff's suit; * * *

Under the quoted statute, as construed by the Georgia courts, this petitioner did not become wholly defunct upon its dissolution in 1936, but its corporate existence continued for the purpose of defending demands against it. We accordingly hold that the petition filed in this proceeding is a petition of the corporate taxpayer to whom the notice of deficiency was sent, and that we have jurisdiction. Cf. *George Wiedemann Brewing Co.*, 4 B. T. A. 664.

Both parties have made some argument as to the effect of a statute enacted in 1938 (Code, § 22–1874) on corporations dissolved in prior years. In view of the decision we have reached it is unnecessary in this proceeding to attempt a construction of the 1938 statute.

*Order denying the respondent's motion will be entered.*